**Sam H. RICE and Olive K. Rice, husband and wife, Plaintiffs,**

**v.**

**Robert A. RIDDELL, District Director of Internal Revenue, Los Angeles District, California, Defendant.**

**Civ. No. 740-58.**

United States District Court
S. D. California,
Central Division.

Dec. 31, 1959.

Bruce I. Hochman, Beverly Hills, Cal., for plaintiffs.

Laughlin E. Waters, U. S. Atty., Edward R. McHale, Asst. U. S. Atty., Chief, Tax Division, Eugene N. Sherman, Asst. U. S. Atty., Los Angeles, Cal., for defendant.

TOLIN, District Judge.

Plaintiff Sam H. Rice is a musician who operates his business from home. Plaintiff Olive K. Rice is his wife. Mr. Rice is known as a "casual" musician under Union interpretation. This classification is appropriate in view of the evidence in the case. In pursuing his business, Mr. Rice played his tuba and bass violin for hire at various locations in Los Angeles County. The time, place, and party for whom the service was rendered varied considerably and was often arranged on brief notice. Mr. Rice transported his tuba and bass violin in his 1951 four-door Hudson Sedan to the several locations at which he performed. It was not practicable to transport them by common carrier.

On their income tax return for 1955, the plaintiffs claimed the car expense and parking fees necessary in said transportation to be ordinary and necessary expenses paid in carrying on a business. The amounts so claimed were $735 and $100 respectively. Said claimed deductions were disallowed. The amounts were not disputed. The question of deductibility only is in dispute. The suit is for recovery of the sums above specified.

■ The mere expense of a commuter in traveling from his home to place of employment is, of course, not deductible.[1]

Plaintiffs cite Crowther v. Commissioner[2] and say that it is dispositive of the issue in this case. In that case

"* * * taxpayer was a 'faller' and a 'bucker' who worked in the general area surrounding Fort Bragg. In his occupation he was required to go to various log sites or 'layouts' to fall trees located thereon, and to cut these trees into logs. His

1. Commissioner of Internal Revenue v. Flowers, 1946, 326 U.S. 465, 66 S.Ct. 250, 90 L.Ed. 203; Donnelly v. Commissioner, 2 Cir., 1959, 262 F.2d 411.

2. 9 Cir., 1959, 269 F.2d 292, 293.

compensation was received from various lumber companies on the basis of the number of board feet of trees which were felled and cut into logs. The various places of his operation were determined by the lumber companies owning the timber. His job was to cut all the timber upon a particular log site.

"In 1951 he was employed by the Rockport Redwood Mills, whose main office was at Rockport, California, a small town completely owned by the lumber company, located about 29 miles north of Fort Bragg. The log sites where taxpayer did his work were located some 13 to 15 miles from Rockport, and taxpayer was required to go over private logging roads to reach the log site. One road into the timber company was used by him in good weather, and in winter time another road through the timber was used. In 1951 he traveled daily about 40 miles each way between Fort Bragg and the log sites, consuming approximately four hours per day. He had no definite hours of work. Under the terms of his employment he supplied his own transportation and tree and log-cutting equipment which consisted of chain saws, chains, bars, spring boards, gunsticks, axes, sledge hammers, wedges, safety hats, caulk boots, and various minor tools.

"In 1951 he worked on three separate log sites about five or six miles apart from each other. The practice was to work upon a particular 'lay out' until it was all logged out. The company then directed him to work at another log site until that was logged out.

"No living accommodations were available in the woods at any of the log sites worked by the taxpayer in either 1951 or 1954."

The appellate court said:

"No case involving the same factual situation as is shown in the instant case has been brought to our attention.

"In this case, there was the necessity of traveling back and forth to the 'layout', although the necessity was caused not by the law, as in Emmert,[3] but by the lack of living accommodations at the log sites and by the necessity of carrying tools back and forth to be repaired. Here, also, the work locations were temporary, there being seven of these locations in the two-year period. Here, also, the length of time of the work at the various locations was not determined by the taxpayer, but was determined by his employer, depending upon the amount of logs to be cut."

The Court in deciding Crowther noticed that no case involving the same factual situation as shown there had been brought to its attention. It then measured the facts by the statutorily declared legal standards by which situations of that kind are to be determined. Actually Crowther tells us no more than to apply the statutory rules to whatever combination of facts are peculiar to the case to be adjudicated. Those standards in this case are expressed in the statutes in force during the tax year here involved. Those statutes provide:

*Int.Rev.Code of 1954*

*Section 262:* "Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses." 26 U.S.C.A. § 262.

*Section 162:* "There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including—

\*  \*  \*  \*  \*  \*

(2) traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or

3. Emmert v. United States, D.C.S.D.Ind. 1955, 146 F.Supp. 322.

business; * * *" 26 U.S.C.A. § 162.

*Section 212:* "In the case of an individual, there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year—

(1) for the production or collection of income; * * *". 26 U.S.C.A. § 212.

By application of these statutory standards to the specific facts before this Court, the Court determines that the claimed deductions were proper and should have been allowed. There has been some argument over the fact that Mr. Rice's business was operated from his "home". The fact that the premises served plaintiff in a dual capacity does not destroy the right to claim the existence of either character of the address. The evidence shows that Mr. Rice's home was also his business headquarters.

Plaintiffs are directed to submit Findings, Conclusions and Judgment granting the prayer of their Complaint.