Ewell L. Teer and Lillie M. Teer v. Commissioner.
Teer v. Commissioner
Docket Nos. 2940-62, 2942-62.
United States Tax Court
T.C. Memo 1964-80; 1964 Tax Ct. Memo LEXIS 255; 23 T.C.M. (CCH) 493; T.C.M. (RIA) 64080; March 26, 1964
*255 Petitioner, a nurse, was employed principally by four persons on regular night duty during successive periods of the taxable years involved. During two periods when she was not employed by one of these four persons, she worked for nine other persons, usually for a single night. Petitioner's sole income for the taxable years involved was derived from her employment with these 13 patients. Petitioner's duties to these patients were performed either at their homes or in hospitals in which they were located. Held: Petitioner's automobile expenses incurred in getting to the places at which her services for her patients were performed are nondeductible personal expenses. Sec. 262, I.R.C. 1954. Held further: No part of petitioners' residence was property used in a trade or business depreciable under section 167, I.R.C. 1954. Lester L. May, Life Bldg., Dallas, Tex., and William H. McRae, for the petitioners. Bruce C. Hallmark, for the respondent. BRUCE Memorandum Findings of Fact and Opinion BRUCE, Judge: Respondent determined deficiencies in the income taxes of petitioners for the years and in the amounts as follows: Year
Deficiency
1959
$442.31
1960
349.78
There are two issues: (1) Whether *256 certain automobile expenses incurred by petitioner Lillie M. Teer are deductible business expenses under section 162 of the Internal Revenue Code of 1954; and (2) whether a certain portion of petitioners' residence is depreciable property used in a trade or business deductible under section 167 of the 1954 Code. Findings of Fact Some of the facts are stipulated, and the stipulation and exhibits attached thereto are incorporated herein by this reference. Petitioners are husband and wife and reside in Dallas, Texas. They filed their joint Federal income tax returns for the calendar years 1959 and 1960 with the district director of internal revenue at Dallas, Texas. Since the issues concern expenses incurred by Lillie M. Teer, she hereinafter will be referred to as petitioner. Petitioner is licensed by the State of Texas as a vocational nurse. In 1959 and 1960 she was engaged in performing services as a nurse. Generally she received requests for her services at her home through calls from doctors or the Dallas County Nurses' Registry. At times she solicited employment through the Nurses' Registry. Her services were performed either at the home of her patients or at hospitals in which *257 they were located. In traveling to the homes of her patients, petitioner used a 1958 Chevrolet. Petitioners also owned a Ford automobile. Petitioner's husband drove petitioner to and from her employment because she had an arthritic condition, a form of cancer, and osteomyelitis of the bone. Petitioner carried a satchel containing nursing equipment when she visited the homes of her patients. At her home, petitioner had one room which she used in treating patients. This room contained two beds, a telephone, a reclining chair, a table with magazines, a desk where papers were kept, and a filing cabinet where patients' records were kept. The measurements of this room were approximately one-fifth the measurements of the house. Services which petitioner typically performed for patients which came to her home were administering hypodermic injections, checking respiration and pulse, taking temperature, and administering first aid. Petitioner made few, if any, charges for the services which she performed in her home. Petitioner slept in the room in which she treated her home patients. During 1959 and 1960 petitioner was employed on regular night duty by four patients as follows: William E. Ray, *258 sometime prior to January 1959 to May 16, 1959; Mrs. Walter D. Allard, May 28, 1959, to December 17, 1959; Millie Guthrie, January 19, 1960, to April 18, 1960; and R. H. Gamble, May 7, 1960, to December 31, 1960. Her compensation for her employment with these four persons was respectively $1,900, $3,617.25, $1,508.75, and $4,129.25. In addition to her nightly duties, petitioner often made extra trips during the day to perform nursing services for Ray, Gamble, and Allard. She frequently took Ray and Allard for drives and on errands in her atuomobile for which she received additional compensation in the amounts of $204.25 and $457.50, respectively. In addition to her regular employment with the above-named persons in 1959 and 1960, petitioner also was employed by the following persons on eight or twelve-hour shifts on the indicated dates: 1959
Compensation
A. M. Ottinger
May 19 through May 20
$22.50
S. S. Andrews
May 21
11.25
James Manning
May 22
11.25
Lucile Davis
May 23
11.25
J. F. Thompson
May 24 through May 27
66.00
1960
Mattie Williams
April 29
18.25
Mrs. M. G. Levy
May 2
27.75
W. A. McKinley
May 4
12.75
Mrs. B. S. Cooper
May 6
12.75
On their Federal income tax returns for the years 1959 and 1960 petitioners *259 deducted 90 percent of the total expense of their 1958 Chevrolet; respondent disallowed the deduction of these expenses exceeding 20 percent of total expenses. In their petition, petitioners claim deductibility of 100 percent of the expenses of their Chevrolet and of depreciation on 20 percent of their residence. The automobile expenses incurred by petitioner in getting to and from her residence and the places where her services for her patients were performed are personal expenses. No part of petitioners' residence was used in a trade or business. Opinion The first issue is whether the automobile expenses incurred by petitioner in traveling back and forth from her residence to the hospitals or patients' homes where she was employed on regular nursing shifts during the years 1959 and 1960 are deductible in computing petitioners' Federal income tax liability for those years. Petitioners claim that these expenses are deductible as ordinary and necessary expenses incurred in carrying on a trade or business or specifically as traveling expenses while away from home in the pursuit of a trade or business under section 162 of the Internal Revenue Code of 1954. [1] Respondent contends that these *260 expenses are personal expenses nondeductible under section 262. [2]
Expenses incurred by a taxpayer in getting to and from his residence and his place of work are personal rather than business' expenses. Commissioner v. Flowers, 326 U.S. 465; James A. Kistler, 40 T.C. 657; William L. Heuer, Jr., 32 T.C. 947, affd. 283 F. 2d 865 (C.A. 5); Williard I. Thompson, 15 T.C. 609, reversed on other grounds, 193 F. 2d 586 (C.A. 10); Mort L. Bixler, 5 B.T.A. 1181; Frank H. Sullivan, 1 B.T.A. 93. Such expenses are not the kind of expenditures contemplated by section 162 as being *261 incurred in carrying on a trade or business. Commissioner v. Flowers, supra.It is immaterial that a special mode of transportation is necessitated by a taxpayer's physical disability. James Donnelly, 28 T.C. 1278, affd. 262 F. 2d 411 (C.A. 2) (taxpayer had infantile paralysis and abdominal cancer); John C. Bruton, 9 T.C. 882 (taxpayer was partially paralyzed). As we said in William L. Heuer, Jr., supra, at 951: The rule is the same regardless of the distance traveled between the residence and the place of business, regardless of any equitable consideration which makes the use of a particular mode of transportation necessary, irrespective of whether or not public transportation is available, and irrespective of whether living accommodations are available to the taxpayer and his family at or near the place of business. Petitioner relies in part upon Income Tax Regulations section 1.162-6[3] which provides that the automobile expenses of a professional person incurred in making professional calls are deductible under section 162. However, petitioner was employed by each of the patients in connection with which the disputed expenses were incurred on regular shifts for a fixed *262 charge per week or per shift. She received no compensation for any nursing services which she may have performed for other persons while in the employ of her paying patients. Although expenses of automobile travel incurred by a professional person in the conduct of his profession, such as emergency or house calls made by a doctor or meetings by a lawyer with his clients, are deductible under section 162, expenses of getting back and forth to his place of work are not. See Clarence J. Sapp, 36 T.C. 852, affd. per curiam 309 F. 2d 143 (C.A. 5); Lenke Marot, 36 T.C. 238; Frank H. Sullivan, supra.Petitioner's travel to the places where her services for her patients were performed was in the nature of getting to work rather than of making professional calls. She was not using her car for making a round of calls for services of a limited duration. She traveled from home to employment and not from work to work. Petitioner also argues that her automobile expenses incurred in getting to and from *263 her patients' homes or the hospitals in which they were interned qualify under section 162 as specifically deductible traveling expenses while away from home in pursuit of a trade or business. A taxpayer's "home" for purposes of section 162 is his place of employment if he is an employee or his principal place of business if he is self-employed. Raymond E. Kershner, 14 T.C. 168; Walter M. Priddy, 43 B.T.A. 18; George W. Lindsay, 34 B.T.A. 840; Mort L. Bixler, supra.Petitioner claims that during the taxable years in question she was a self-employed person engaged in the business of nursing, with her principal place of business at her residence in which she allegedly used one room as an office, and that consequently her tax home was her residence rather than the locations at which she nursed her remunerating patients. We need not decide, however, whether petitioner's home for purposes of section 162 was her residence since in any case her tax home would encompass the city, town or general area in which her residence was located. William L. Heuer, Jr., supra; Joseph M. Winn, 32 T.C. 220; Frank N. Smith, 21 T.C. 991; Amoroso v. Commissioner, 193 F. 2d 583 (C.A. 1), affirming *264 a Memorandum Opinion of this Court. See also, Arthur Sansone, 41 T.C. 277, at 285, 286, and the discussion of Rice v. Riddell, 179 F. Supp. 576 (S.D.Cal.), relied upon by petitioner, in James A. Kistler, supra, at 663, 664. Petitioner performed her nursing services for her paying patients at locations within the city of Dallas, none of which have been shown to be more than 15 miles from her residence, so that even in looking at the evidence in the light most favorable to petitioner, she was not within the purview of section 162 "away from home" while treating these patients. Petitioner contends that her employment with her various patients during 1959 and 1960 were temporary and that her expenses incurred in getting to and from the places of these employments for that reason were not personal expenses. We cannot agree. Even if her employment with these patients was temporary, her expenses of getting back and forth to the places of this employment were not incurred in pursuit of a trade or business. See Commissioner v. Flowers, supra, at 473; James A. Kistler, supra, at 665. The cases relied upon by petitioner, and others within the cognizance of the Court, are distinguishable *265 on the grounds that the deductible traveling expenses were incurred in connection with temporary job sites located outside the city or general area which constituted the taxpayer's home for purposes of section 162. See Carlson v. Wright, 181 F. Supp. 568 (E.D. Idaho); Alois Joseph Weidekamp, 29 T.C. 16; E. G. Leach, 12 T.C. 20; Harry F. Schurer, 3 T.C. 544. Petitioner has testified that in order to perform her duties to her patients it was necessary for her to carry a satchel containing nursing equipment on her trips between her residence and the places where she treated her patients. Petitioner has failed to show, however, that the necessity of transporting this equipment increased the costs of her transportation between these points. See James A. Kistler, supra.On the contrary, petitioner testified that her physical condition required her use of an automobile rather than public transportation in getting back and forth to work. As we have amply demonstrated, petitioner's automobile expenses incurred in getting to and from her residence and the places of her employment as a nurse were nondeductible personal expenses. On the other hand, as respondent rightly admits, the automobile *266 expenses incurred by petitioner in taking her patients for rides and on errands were incurred in connection with the business of her employer-patients and she is entitled to a deduction for these expenditures. Petitioner has not shown, however, that the amount of these expenses exceeded the 20 percent of her total automobile expenses which respondent has determined to be attributable to these trips. We turn now to the second issue of whether or not petitioners are entitled to deduct depreciation for the taxable years in question on 20 percent of their residence, representing one room, which they claim was property used in a trade or business described in section 167. Although petitioner's records show that she performed some nursing services for certain persons in her residence, these services consisted principally of first aid treatment, routine pulse, respiration or temperature checks, and hypodermic injections, for which no payment was received. Petitioner has produced no evidence that this room was used to carry on the business of nursing for the purpose of producing income, and the depreciation deduction therefore is denied. Since not all of the adjustments to petitioners' taxable *267 income which were made in the statutory notice of deficiency have been contested by petitioners, and since respondent has conceded that certain charitable deductions claimed by petitioners are allowable, Decisions will be entered under Rule 50. Footnotes
1. All Code references are to the Internal Revenue Code of 1954. SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General. - There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including - * * *
(2) traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business; * * * ↩
2. SEC. 262. PERSONAL, LIVING, AND FAMILY EXPENSES. Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses.↩
3. Sec. 1.162-6 Professional expenses. A professional man may claim as deductions * * * expenses paid or accrued in the operation and repair of an automobile used in making professional calls * * *↩