*Decision will be entered under Rule 50.*

LAWRENCE D. SULLIVAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 2904–64. Filed November 30, 1965.

*Gabriel T. Pap*, for the petitioner.
*Joel Kamens*, for the respondent.

MULRONEY, *Judge:* Respondent determined a deficiency in petitioner's 1962 income tax in the amount of $540.10. The issue that is left after certain concessions is whether petitioner, a construction worker, is entitled to deduct travel expenses in traveling in his automobile between his home and various jobsites in New York.

### FINDINGS OF FACT

Some of the facts have been stipulated and they are found accordingly.

Upon his income tax return for 1962, which petitioner filed with the district director of internal revenue, Manhattan, New York, he took deduction for a total of $1,494.72 for transportation expenses for the use of his car in driving to and from his home in New York and the various jobsites in New York where he worked as a wire lather. This claimed deduction was disallowed in the notice of deficiency.

Petitioner's employer, John Melen, Inc., had an office at 150 West 54th Street, approximately 10 miles from petitioner's home, but it was petitioner's job to go directly from his home to the jobsite to which he was assigned by his employer. Petitioner usually drove his car, which was a 1957 Porsche, to and from the construction sites and it

is stipulated that during 1962 petitioner worked for his employer at various locations in New York where schools, hospitals, and other public and private buildings were being constructed by his employer. The trips involved are trips between petitioner's home and the construction sites, and not trips from one construction site to another. Petitioner always took his bag of tools with him on these trips. These were tools that he owned and used on the job, consisting of hammers, chisels, and other small tools. The bag was about 24 inches by 18 inches by 6 inches and filled with tools it would weigh about 32 pounds. He did not leave his tools at the jobsite for fear they would be stolen and also because his employer might call him in the evening to go to another job the next day.

OPINION

On his income tax return petitioner estimated 67 percent of his total automobile expenses and automobile depreciation was applicable to his claimed business use of the automobile in making the trips between his home and construction sites. Not all of the claimed transportation expenses were substantiated. However, we need not go into the question of substantiation for petitioner's first burden was to show that the transportation expenses were ordinary and necessary expenses paid in carrying on his trade or business. Sec. 162(a), I.R.C. 1954. It has long been held that commuting expenses, or the expense of travel between one's residence and place of employment are nondeductible personal expenses. Sec. 1.162–2, Income Tax Regs. In *William L. Heuer, Jr.*, 32 T.C. 947, 951 (affirmed per curiam 283 F. 2d 865), we said:

> The courts have always recognized a distinction between expenses of traveling incurred in carrying on a trade or business and commuting expenses, that is, those incurred in going from one's residence to one's place of work and return. The latter have always been held to be nondeductible personal expenses, as distinguished from business expenses. * * *

Petitioner seems to argue that the transportation expenses here involved were something other than commuter expenses because (1) the travel was to and from his home and various temporary jobsites, and (2) his job required him to carry heavy bulky tools and therefore the car was being used for business transportation. There is no merit in his first contention. The fact that the petitioner traveled from his home to his employer's several different job locations to perform his work does not make the travel expenses anything other than commuting expenses. Petitioner's employment is to be viewed as constituting one single job to perform services for his employer at various jobsites in New York City. He was not performing services "while away from home" within the language of section 162(a)(2), I.R.C. 1954, so that

statute, and the cases and Commissioner's regulations involving that statute, or involving away-from-home travel expenses, have no application here.

Our opinion in *Charles Crowther*, 28 T.C. 1293 (1957),[1] indicates that it was respondent's position in that case that where commuter expense of the employee was increased because of tool transportation, an allocable portion of the transportation expense, representing such increase, would be allowed as a business deduction.[2] Respondent's present position is contained in his Rev. Rul. 63–100, 1963–1 C.B. 34 [3] and what he now states on brief should be the governing principles when deduction is sought by an employee for commuter trips where tools are transported.[4]

It has been the uniform holding of all courts that automobile expenses of an employee in driving his car to and from work are nondeductible "personal" expenses under section 262, I.R.C. 1954. *Commissioner* v. *Flowers*, 326 U.S. 465. Such expenses fall within the general category of commuter expenses similar to streetcar fare or busfare expenses paid by an employee getting from his residence to his place of employment and back to his residence at the end of the workday.

Automobile expenses of a taxpayer's personal car become deductible only when the car is actually used in the taxpayer's trade or business and such use is ordinary and necessary in carrying on that trade or business. Such a deduction is sanctioned by section 162(a), I.R.C. 1954, which states: "There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business * * *." As stated earlier, the employee's expenditures for trips to and from work have always

---

[1] Reversed as to disallowance of amount held to be commuting expenses of the employee under the very special facts of that case. 269 F. 2d 292 (C.A. 9, 1959).

[2] The opinion in *James A. Kistler*, 40 T.C. 657, which announces much the same rule as appeared in *Crowther*, was withdrawn by order of this Court but notation of the withdrawal was inadvertently omitted from vol. 40 of our reports, but an erratta sheet to this effect will appear in vol. 44 now being compiled for publication.

[3] The cited ruling provides in the first part that commuter expenses of a musician carrying bulky musical instruments would be a business deduction. The last paragraph of the ruling reads as follows :

"Revenue ruling 56–25, C.B. 1956–1, 152, states that expenses incurred by an employee in using his automobile for commuting between his place of abode and his principal or regular place of work represent nondeductible personal expenses notwithstanding the fact that the automobile is also used to transport tools used by the employee in his work. That ruling is hereby modified to remove the implication that such transportation expenses would not be deductible even if the employee would not have used his automobile on such trips but for the necessity of taking his tools with him."

[4] Respondent states on brief : "The standard applicable to this case is that set forth in Rev. Rul. 63–100, C.B. 1963–1, 34. Has the petitioner shown that he used his automobile on such trips *primarily* for business, rather than for personal, reasons? Has he shown that he would not have used his automobile merely in commuting to his job sites, but instead would have used some less expensive form of transportation, except for the necessity of taking with him tools too bulky to be carried otherwise? Such evidence is a prerequisite to the deduction * * *."

been held to be nondeductible personal expenses. Such trips are not business trips. This is true without regard to the distance traveled. In *Commisisoner* v. *Flowers, supra,* where it was held the expenditures for travel to and from work were personal, the Supreme Court said "whether he traveled three blocks or three hundred miles to work, the nature of these expenditures remained the same."

It is also true that the expenditures by the employee for such to-and-from-work trips would be personal without regard to whether he used his own automobile or other public or private transportation facilities. And we are of the opinion that the expenditures of the employee for such to-and-from-work trips are personal without regard to whether he carries the tools of his trade with him on such trips. The character of the trips as being personal commuter trips is not altered by the fact that the employee brings his tools along with him.

It has long been held that it is immaterial that a special mode of commuter transportation is necessitated by the employee's physical disability. *John C. Bruton,* 9 T.C. 882. The expenditure for such transportation is still personal. In *Commissioner* v. *Flowers, supra,* the Supreme Court said: "The character of such [commuting] expenses is unaltered by the circumstance that the taxpayer's post of duty was in Mobile, thereby increasing the costs of transportation." If the great distance an employee travels to and from work, necessitating large business expenses, does not make the trips business trips, then the same result should follow when the tools an employee carries to and from work are bulky, necessitating increased trip expenses. We think it is immaterial that the circumstances of carrying tools dictate a certain mode of travel to and from work and the character of the expenditures for that travel is not made business expenditures because the commuting expense was thereby increased. We fail to see why transporting the worker to and from work would be non-business trips and transporting the worker's tools on such trips would be business trips. Such expenses of the trips made by the employee from his residence to his place of employment and back home at the close of the workday, where he brings his tools along with him, are personal, without regard to whether his tools are light or heavy and without regard to whether they are few or many.

As indicated earlier in footnote 4, respondent states on brief that if the employee transported tools in his car on such commuter trips and the tools are too bulky to be carried otherwise and if he shows that except for the necessity of transporting his tools he would not have used his car on such trips, then a business use for the car would be established We cannot agree that such a statement or the ruling on which it is based announces the correct guiding principles applicable when tools are transported on commuter trips. The determination as

to whether trips to work and back home are personal or business trips cannot be made to depend on any balance of advantage, convenience, or even necessity of one form of transportation over another.

We do not find it necessary to make any finding with respect to whether the tools were light and compact or so heavy and bulky as to make private automobile transportation necessary or even more convenient. We also do not feel called upon to make any finding as to whether petitioner would or would not have used his car if it were not for the necessity of transporting tools. We are of the opinion that all such trips by an employee between his home and place of employment are personal commuter trips, whether he carries no tools, one small tool, or a car full of the tools of his trade. It is to be pointed out we are here dealing only with an employee whose place of employment is other than his home and the transportation is not from one jobsite to another.[5]

We hold the employee's trips to and from work which could only be characterized as nonbusiness trips when no tools are carried, are not transformed into business trips of the employee by his carrying his tools to and from his place of employment. Petitioner's automobile was not used on business trips and, therefore, his automobile expenses cannot be allowed as a deduction.

*Decision will be entered under Rule 50.*

---

[5] The opinion in *Rice* v. *Riddell*, 179 F. Supp. 576 (S.D. Cal. 1959), cited by petitioner held that a casual musician who transported his tuba and bass violin to engagements was entitled to deduct transportation expense from his home to places where he worked. However, the opinion was careful to point out the taxpayer operated his business from his home.