**Lawrence D. SULLIVAN, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 90, Docket 30627.**

United States Court of Appeals
Second Circuit.

Argued Nov. 16, 1966.

Decided Dec. 2, 1966.

Gabriel T. Pap, New York City, for petitioner.

Howard M. Koff, Department of Justice, Washington, D. C. (Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson and Meyer Rothwacks, Department of Justice, Washington, D. C., on the brief), for respondent.

Before LUMBARD, Chief Judge, and MEDINA and KAUFMAN, Circuit Judges.

LUMBARD, Chief Judge:

This petition by the taxpayer, Lawrence D. Sullivan, to review a decision of the Tax Court, 45 T.C. 217 (1965), which denied him a deduction of $1,494.72 for the expenses of driving his automobile between his home and job sites during 1962, requires us to determine the criteria governing deductibility of expenses of traveling to and from work when the taxpayer also transports tools which he must use in his work.

Taxpayer, who lived on Staten Island, worked for a contractor as a wire lather at various construction sites in Manhattan, Brooklyn, and Staten Island during 1962. He always took his tool bag, which measured some six by eighteen by twenty-four inches and weighed about thirty-two pounds when filled with tools, to and from work. He stated that he did not leave the bag overnight at the job sites both because he feared it might be stolen and because his employer might direct him to report at a different job site the next morning. Taxpayer also testified that he had a bad knee which made walking and standing difficult, and that commuting by public transportation, at least to some job sites on Staten Island, would have required "a mile or two of walking."

The Tax Court disallowed the driving expense deduction in its entirety, relying upon the established general rule that expenses of commuting from home to work and back are not deductible as business expenses, even where they are made necessary or increased by a physical disability of the taxpayer. See, e. g., Commissioner of Internal Revenue v. Flowers, 326 U.S. 465, 472–474, 66 S.Ct. 250, 90 L.Ed. 203 (1946); Donnelly v. Commissioner, 262 F.2d 411 (2 Cir. 1959); John C. Bruton, 9 T.C. 882 (1947). It reasoned that this rule should apply whether or not the taxpayer must transport tools to and from work, "without regard to whether his tools are light or heavy and without regard to whether they are few or many." 45 T.C. at 220.

The Commissioner concedes on this appeal that so sweeping a disallowance was error. He urges that the rule should be that taxpayer may deduct reasonable driving expenses if he can show that he would not have driven his automobile to work if it had not been necessary to take his tool bag. Cf. Rev. Rul. 63–100, 1963–1 Cum.Bull. 34. The Commissioner recognizes that, because of taxpayer's bad knee, this showing may be difficult to make, and on oral argument even suggested that we might resolve this issue against taxpayer on the transcript of his testimony in the Tax Court.

We agree with the rule suggested by the Commissioner, as far as it goes. But we hold that the deductibility of expenses of transporting tools to and from work should not be so narrowly limited. Even if taxpayer would have driven to and from work had it not been necessary to transport his tools, he ought to be allowed to deduct that portion of his reasonable driving expenses which is allocable to the transportation of tools. This was the rule the Tax Court first

adopted, but overruled by its decision in the present case. See, e. g., Charles Crowther, 28 T.C. 1293 (1957), rev'd on another ground, 269 F.2d 292 (9 Cir. 1959); Francis Eaton, 17 T.C.M. 60 (1958).

This rule reflects the dual character of taxpayer's transportation expenses much more fairly than would a rule requiring that his tools be his only reason for driving. Moreover, if taxpayer had engaged someone to transport him, and paid separately for transportation of himself and his tools, the cost of transporting the tools would clearly be deductible. We see no reason why the rule should differ when the taxpayer drives himself. Allocation of traveling expenses between business and personal purposes, such as this rule requires, is not novel. For example, where a journey is made primarily for business but partly for personal reasons, its expenses may be allocated between the two purposes. Rev. Rul. 56–168, 1956–1 Cum.Bull. 93.

Thus the case must be remanded to the Tax Court. The Tax Court should first determine whether it was necessary for taxpayer to transport his tools to and from work. If some alternative means of storage was feasible, the cost of this alternative should represent the maximum allowable deduction for transportation of the tools. The Tax Court should then determine whether taxpayer would have driven to work absent the necessity of transporting his tools, an issue on which we do not think that taxpayer's testimony that he had a bad knee is conclusive. If not, it should allow taxpayer to deduct his reasonable driving expenses, subject to the above maximum. If so, it should allocate those expenses between transportation of taxpayer and of his tools and allow the latter as a deduction, again subject to the maximum. In either case, the Tax Court must determine how much of the $1,494.72 deduction claimed, which seems large but presumably includes ferry and all-day parking expenses, represents reasonable driving expenses, since the parties stipulated only the costs of repairs and insurance.

Reversed and remanded.