**John J. TYNE, Jr., Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 16251.**

United States Court of Appeals
Seventh Circuit.

Nov. 7, 1967.

Thomas J. Carley, Rockville Centre, N. Y., for petitioner.

Mitchell Rogovin, Asst. Atty. Gen., Meyer Rothwacks, Atty. Tax Div., U. S. Department of Justice, Washington, D. C., Lee A. Jackson, Howard M. Koff, Attys., Dept. of Justice, Washington, D. C., for respondent.

Before DUFFY, Senior Circuit Judge, and FAIRCHILD and CUMMINGS, Circuit Judges.

DUFFY, Senior Circuit Judge.

This is a petition by taxpayer to review a decision of the Tax Court. The question at issue is whether the taxpayer can deduct as an ordinary and necessary business expense, within the meaning of Section 162, Internal Revenue Code of 1954, the cost of transporting his trade tools in his automobile and truck to his place of employment. The taxpayer claims the deduction in the taxable years 1957, 1958 and 1960. It is undisputed that he transported approximately 200 pounds of tools which were essential in fulfilling his job requirements.

During 1957, 1958 and 1960, petitioner was employed by several companies involved in heavy construction and road-building work. Taxpayer was an apprentice operating engineer. Although petitioner worked principally as a machine oiler, he, at times, worked as a machine operator and as a pump operator. He never left his tools at job sites over night for fear the tools might be stolen. Petitioner's on-the-job daily travel requirements varied from short distances to distances in excess of five miles.

On his income tax return for the taxable years in question, petitioner claimed, as a business deduction, 100% of his automobile and truck expenses, including depreciation of his truck in 1958 and 1960.

The Tax Court allowed 20% of the claimed expenses as being attributable to on-the-job requirements. It disallowed the balance by finding that since the taxpayer was a commuter while using his automobile to get to work on each of the

days involved, the transportation expenses involved constituted in toto non-deductible expenses. The Tax Court relied upon its prior decision in Sullivan v. Commissioner, 45 T.C. 217 (1965).[1]

The Commissioner of Internal Revenue contends that the Tax Court applied an erroneous legal test in this case. The Commissioner argues that the deduction of transportation expense which serves a dual purpose, one, commuting and two, business such as transportation of tools, should depend on which purpose is primary. The Commissioner argues for the rule that such dual purpose transportation expenses can be deducted only upon a showing that they were occasioned primarily by the necessity to transport the taxpayer's tools.

■ It is, of course, well established that commuting expenses—the cost of traveling to and from home to an established place of business—are non-deductible personal expenses. Commissioner of Internal Revenue v. Flowers, 326 U.S. 465, 66 S.Ct. 250, 90 L.Ed. 203.

The difficulty arises when there is a dual personal-business purpose for the expenditure. When that occurs, the Commissioner has ruled that a deduction will be allowed only if the expenditure is incurred primarily for a Section 162 business purpose.

To illustrate, the Commissioner has ruled in Rev. Rule 63–100 (1963–1) CUM. Bull. 34, that a musician may deduct the cost of using his car to transport his musical instruments between home and the business only if the expense is occasioned primarily by business necessity.

On the other hand, petitioner contends that 100% of his expense should be deductible because his job required him to have his tools with him daily. Since the tools were on the job only because taxpayer incurred automobile and truck expense to transport them, the expense ought to be deductible. Taxpayer's argument goes too far since it would impliedly overrule Commissioner of Internal Revenue v. Flowers, supra.

In Sullivan v. Commissioner of Internal Revenue, supra, the Court of Appeals recognized the dual purpose in incurring transportation expenses in a case such as ours. However, it rejected the test urged by the Commissioner and also that urged by the taxpayer. It chose to apply what has been called the allocation rule.[2] The Court stated at page 1008, "Even if taxpayer would have driven to and from work had it not been necessary to transport his tools, he ought to be allowed to deduct that portion of his reasonable driving expenses which is allocable to the transportation of tools." If storage were feasible, he would only be allowed to deduct its cost.

Both parties to the case at bar strongly urge that the allocation rule should not be followed; that it would require difficult *ad hoc* allocations between transportation expenses attributable to carrying the taxpayer's person and the transportation of the tools of his trade. The Commissioner urges the practical impossibility of implementing the allocation test laid down in the *Sullivan* case.

■ It seems clear to us that a taxpayer should not be permitted to evade the Commuter Rule by throwing a hammer, wrench and a screwdriver into his automobile as he drives to work. Yet, if the taxpayer is required by his type of work to bring with him daily, tools of such size and weight that they cannot be readily carried by the taxpayer, we agree with the Second Circuit Court of Appeals in *Sullivan*—"Even if taxpayer would

---

1. The decision of the Tax Court in *Sullivan* was reversed by the United States Court of Appeals for the Second Circuit. Sullivan v. Commissioner of Internal Revenue, 2 Cir. (1966), 368 F.2d 1007.

2. The first holding of the Second Circuit's *Sullivan* decision was that the taxpayer may deduct 100% of his reasonable driving expenses if the taxpayer would not have driven his automobile to work but for the necessity of bringing his tools with him.

have driven to and from work had it not been necessary to transport his tools, he ought to be allowed to deduct that portion of his reasonable driving expenses which is allocable to the transportation of tools."

Granted such allocations cannot be made with a mathematical nicety. However, we doubt the argument of both the Commissioner and taxpayer that it is practically impossible to make such an allocation. It seems to us that such an allocation should not be more difficult than decisions with reference to musicians taking musical instruments to their work in automobiles. We think such a rule will operate more fairly than putting the burden on a taxpayer to prove what the Commissioner might decide is the primary purpose of the transportation of tools by a taxpayer.

The allocation rule was first adopted by the Tax Court. Charles Crowther, 28 T.C. 1293 (1957), rev'd on another ground, 269 F.2d 292 (9 Cir., 1959); Francis Eaton, 17 T.C.M. 60 (1958). In Sullivan v. Commissioner, 45 T.C. 217 (1965), the Tax Court reversed itself, but the Second Circuit reversed the Tax Court, 368 F.2d 1007, and reinstated the old allocation rule.

The judgment of the Tax Court is reversed and remanded with instructions to the Commissioner to determine the allocation of the proportion of driving expenses which is a reasonable cost of doing business under Section 162.

Reversed and remanded.

FAIRCHILD, Circuit Judge (concurring in part, dissenting in part).

The tax court did not make findings whether or not it was necessary for petitioner to have the 200 pound assortment of tools on the job, whether or not it was necessary to transport them daily, because of inadequacy of storage facilities, nor whether or not petitioner would have used his car but for the need to transport tools.[1] The tax court considered all these factual issues immaterial, because it deemed the expense was nondeductible commuting expense even if all such issues were decided in favor of petitioner. The commissioner concedes this is an erroneous view.

I concur with the majority in rejecting the view of the tax court and remanding the matter for further proceedings. I would, however, attempt to state a principle for the tax court to follow in making its determination on remand, assuming that it finds as a fact the necessity of transporting the tools by car to and from the job sites.

The majority indicates that some portion of the expense attributable to driving to and from work can be "allocated" to the business purpose (necessary transportation of tools) and the balance "allocated" to the personal purpose (transportation of petitioner), the former portion being deductible. Upon what reasonable basis can portions of the expense of such indivisible trips be "allocated" to the two purposes being served at the same time and on each trip? None has been suggested, and such seemingly logical possibilities as allocation according to the relative weight of petitioner and his tools seem unimpressive.

The commissioner's view and the view of the second circuit each requires a determination whether a taxpayer would have used his car for travel to and from work but for the necessity of carrying tools. Such inquiry in all but the rarest cases will necessarily be speculative, and into a subjective area. Where it is determined that the taxpayer would have used less expensive means of transportation but for his need to carry equipment, I see no logical reason for permitting him to deduct the entire expense, because he would have spent part of it for his personal, commuter purposes anyway. Where less expensive means were adequate and available, I would give the taxpayer the benefit of the doubt and as-

1. The tax court did find that public transportation was available for commuting to some of the job sites.

sume he would have used them, but allow him to deduct only the difference.

I suggest the following phrasing of the principle:

A taxpayer who is reasonably required, because of the need for transporting tools or other equipment to and from his work, to use means of transportation which are more expensive than other available and reasonably adequate means of personal transportation, may deduct the difference between the expense incurred for transportation by the means actually used and the expense he would have incurred if he had used the less expensive means of transportation.