MICHAEL DeMICHELE and MARY P. DeMICHELE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
De Michele v. Commissioner
Docket No. 2795-71.
United States Tax Court
T.C. Memo 1973-115; 1973 Tax Ct. Memo LEXIS 170; 32 T.C.M. (CCH) 510; T.C.M. (RIA) 73115; May 22, 1973, Filed Thomas J. Carley, for the petitioners. Fred L. Baker, for the respondent. SCOTT MEMORANDUM OPINION SCOTT, Judge: Respondent determined a deficiency in petitioners' income tax for the calendar year 1967 in the amount of $83.79. The issue for decision is the deductibility by petitioners of the portion of the deduction they claimed for automobile expense which was disallowed by respondent. All of the facts have been stipulated and are found accordingly. Petitioners, Michael and Mary P. DeMichele, are husband and wife who resided in Amityville, New York at the time of the filing of their petition in this case. They filed a joint Federal income tax return for the calendar year 1967 with the district director of internal revenue, Brooklyn, New York. 2 Michael DeMichele (hereinafter referred to as petitioner) *171 was employed during the taxable year 1967 as a carpenter by Valdini Drywall Corporation of North Massapequa, New York and Approved Partition Co., Inc., of Massapequa, New York. On his Federal income tax return for the calendar year 1967 petitioner deducted as "total deductible automobile expenses" the amount of $1,984.38. In computing this amount of deduction, petitioner stated the total months the automobile was used in business to be 12 months, that the total mileage of the 12 months was 17,793 miles, and that the portion of this mileage "applicable to business" was 17,793 miles. Petitioner included in the automobile expenses computed on his return an amount of $942.33 as depreciation which he showed to be depreciation on a "Ford truck" depreciated on a straight line basis with a useful life stated to be 3 years. Respondent in his notice of deficiency disallowed $575.47 of the amount claimed by petitioner to be deductible automobile expense, with the following explanation: Employee Business Expense - The following automobile mileage has been disallowed (except for 1 full day representing a round-trip to transport tools to and from job site) because the description of the *172 job site indicates that storage of tools was feasible: 3 Job Site Location
No. Days Disallowed
x
Mileage
=
Disallowance Garden Apt: Port Jefferson
28
x
120
=
3,360
Garden Apt: Bay Shore
5
x
36
=
180
Bank - Hauppage
7
x
63
=
441
Garden Apt: Port Jefferson
1
x
120
120
Morman Church Plainview
11
x
32
=
352
Administration Bldg. Plainedge
10
x
16
=
160
Bank - Brooklyn
3
x
115
=
345
Funeral Home - Hicksville
7
x
35
=
245
Total Miles Disallowed
5,203
Total Miles Disallowed 5,203 Total Business Miles Logged 17,793 = 29% Disallowed Employee Business Expenses Claimed $1,984.38 29% Disallowed $575.47 (adjustment) Petitioner's sole contention is that respondent, by using the words, "Total Business Miles Logged 17,793" in his explanation of his disallowance of automobile expenses in his notice of deficiency has conceded that the total mileage driven by petitioner in 1967 was "business miles logged." Petitioner states that this concession on the part of respondent in his notice of deficiency is tantamount to a concession that petitioner is entitled to deduct the total of the $1,984.38 which *173 he claimed as employee business expenses since employee business expenses are properly deductible under section 162, I.R.C. 1954. [1]
In 4 our view a reasonable interpretation of the explanation given by respondent in his notice of deficiency for the disallowance of $575.47 of the amount claimed by petitioner as automobile expenses is that of the total mileage of 17,793 miles driven by petitioner, 5,203 miles were not driven for business purposes. The use of the words, "Total Business Miles Logged," when considered in conjunction with the explanation of the claimed business expense deduction on petitioner's return showing 17,793 miles as "applicable to business," is merely an explanation of how respondent computed the percentage of the total miles driven which he considered to be nonbusiness mileage. We do not view the statement in the context used in the deficiency notice to be a concession by respondent that petitioner drove 17,793 miles in 1967 for business purposes, or that the claimed business expense deduction of $1,984.38 was a proper deduction under the provisions of section 162. In Sullivan v. Commissioner, 368 F.2d 1007 *174 (C.A. 2, 1966), reversing and remanding 45 T.C. 217 (1965), the Court of Appeals for the Second Circuit, to which an appeal in this case would lie, held that even if a taxpayer would have driven to and from work, had it not been necessary for him to transport his tools, he should be allowed to deduct as a business expense the portion of his reasonable driving expenses which is allocable to the transportation of the tools. The case was remanded to this Court for this Court to determine whether it was necessary for the taxpayer to transport his tools to and from his work, and whether the taxpayer would have driven to work, absent 5 the necessity of transporting his tools. The Court of Appeals stated that if the taxpayer would not have driven to work, except for the necessity of transporting his tools, he should be entitled to deduct his reasonable driving expenses, limited to the cost of storage of the tools if some alternative means of storage of the tools was feasible. The Court further stated that if the taxpayer would have driven to work even had it not been necessary for him to transport his tools, then the expenses of driving to his work should be allocated between *175 transportation of the taxpayer and transportation of his tools and only the amount for transportation of his tools allowed as a deduction, again limited to the cost of storage of the tools if some means of storage was feasible. Respondent here has determined that storage of petitioner's tools was feasible in the instances set forth in the deficiency notice, and since no cost of such storage has been shown, the inference from his determination is that there would have been no cost for such storage. There is no showing in this case whether it was necessary for petitioner to carry his tools to and from work, if petitioner did find it necessary to carry his tools whether he would have driven to work regardless of this fact, or any other facts to show error in respondent's determination. We therefore hold that petitioner has failed to offer proof to show error in respondent's disallowance of the $575.47 of the deduction claimed by petitioner for automobile expenses. Decision will be entered for respondent. Footnotes
1. All references are to the Internal Revenue Code of 1954. ↩