T.C. Summary Opinion 2004-46

UNITED STATES TAX COURT

NEAL N. AND RUBY W. VIAR, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13785-02S.                    Filed April 12, 2004.

Neal N. and Ruby W. Viar, pro se.

<u>Dustin M. Starbuck</u>, for respondent.

COUVILLION, <u>Special Trial Judge</u>:  This case was heard
pursuant to section 7463 of the Internal Revenue Code in effect
at the time the petition was filed.[1]  The decision to be entered

_____

[1]     Unless otherwise indicated, subsequent section
references are to the Internal Revenue Code in effect for the
years at issue.  Rule references are to the Tax Court Rules of
Practice and Procedure.

is not reviewable by any other court, and this opinion should not be cited as authority.

In the notice of deficiency, respondent determined the following deficiencies in Federal income taxes and penalties against petitioners for the years indicated:

| Year | Deficiency | Sec. 6662(a) Penalty |
|------|-----------|----------------------|
| 1999 | $2,381 | $476 |
| 2000 | 2,604 | 490 |

The issues for decision are: (1) Whether petitioners are entitled to certain deductions claimed on Schedule C, Profit or Loss From Business, for the years in question in excess of amounts allowed by respondent; (2) whether petitioners are entitled to certain deductions claimed on Schedules E, Supplemental Income and Loss, in excess of amounts allowed by respondent; and (3) whether petitioners are liable for the accuracy-related penalties under section 6662(a) for 1999 and 2000.

Some of the facts were stipulated. Those facts, with the annexed exhibits, are so found and are made part hereof. Petitioners' legal residence at the time the petition was filed was Lynchburg, Virginia.

Petitioners are married. During the years at issue, Mr. Viar conducted a Schedule C real estate sales activity out of

their home.  As further described below, he also engaged in various additional activities to produce income.[2]  Mrs. Viar was a bookkeeper.  Petitioners filed joint income tax returns, prepared by a return preparer, for 1999 and 2000.

Mr. Viar was a licensed real estate agent.  He began selling homes in 1995.  Prior to 1995, he was a contractor installing water and waste treatment plants throughout Virginia.

During the years at issue, Mr. Viar was an employee of CMH Homes, Inc., on whose behalf he sold mobile homes.  In this activity during the years in question, Mr. Viar occasionally took clients to lunch.  He did not keep detailed records of his meals and entertainment expenses.  He used his own vehicle to show real estate throughout five counties.  He did not keep a mileage log.

In a separate self-employed activity, Mr. Viar provided the necessary amenities for the mobile homes sold by CMH Homes, including grading the land site, digging water wells, installing the septic systems, constructing the brick underpinnings, and, in some cases, installing a basement.  The work required travel to county seats and to the location of each home.  Mr. Viar used his own vehicle for these services, for which he was not reimbursed

---

[2]     Respondent did not argue that Mr. Viar's additional activities were activities not engaged in for profit under sec. 183(a).

by CMH Homes, Inc.  For this activity, Mr. Viar reported his income and expenses on a Schedule C.

Mr. Viar has had several health ailments.  In 1995, he was diagnosed with prostate cancer, which required surgery.  During the years 1995 to 2000, he was diagnosed with diabetes and suffered from depression.  He traveled from his home in Lynchburg to the Veterans' Administration hospital in Salem, Virginia, for treatment.

Because of his illnesses, Mr. Viar discontinued the water and waste treatment activity in 1995 and began the mobile home activity.  He also engaged in a number of other income-generating activities.  As he described at trial:

> I worked for H&R Block for two or three years on tax season, believe it or not.  I worked for Clayton Homes.  I was in the real estate business.  I installed mobile homes where I put the basements in and all.  I did anything I could to try to survive until I got on Social Security.

It appears from the record that Mr. Viar began receiving Social Security benefits in 2000.

Petitioners have a son who owned a construction business. During the years at issue, Mr. Viar assisted his son in his business by "estimating jobs" and performing computer work.  He occasionally traveled, again using his own vehicle, to job sites to assist his son.  He performed the computer work at his home.

Petitioners owned a number of commercial and residential rental properties. Among these was a dwelling located at 418 Morningside Heights, Lynchburg, Virginia, in which petitioners owned a 50-percent interest during the years at issue. Petitioners reported their income and expenses, including depreciation, from rental real estate on Schedule E. Three properties, including the Morningside Heights dwelling, were listed on their 1999 income tax return. Five properties, including the Morningside Heights dwelling, were listed on their 2000 return.

Mrs. Viar has a brother who was 70 years old at the time of trial. During 1999 and 2000, petitioners allowed Mrs. Viar's brother and his wife to live in the Morningside Heights dwelling rent free because they were "unable to afford a place of their own." However, it was agreed that Mrs. Viar's brother would make improvements to the dwelling in exchange for living there. The dwelling was old and in need of repairs. Mrs. Viar's brother did make a number of repairs and improvements to the dwelling; however, petitioners did not maintain any records of these expenditures.

During 1999 and 2000, Mr. Viar had telephone service with several different carriers. He maintained two local telephone numbers, one personal and one business line, with Verizon as the telephone provider. His long distance service was with AT&T. He

carried a pager in which Metrocall was the provider.  Finally, he had two cell phones, one through Alltel and one through Intelos. He had two cell phones because, although one of the carriers did not provide clear reception at his residence, that number was listed in the multiple listing service for real estate agents, and he did not want to lose that benefit.  At trial, petitioners produced billing statements from the various telecommunications carriers that provided them services.  These statements reflected over $2,400 in telecommunications expenses for 1999.[3] Petitioners based their Schedule C deduction for utilities for 1999 on the available receipts and adjusted the amount downward by half.

On their 1999 return, petitioners reported $24,283 in wage income.  On Schedule C, they reported gross receipts of $1,489, expenses of $26,563, and a net loss of $25,074 from Mr. Viar's real estate activity.  They reported no rental income from the Morningside Heights dwelling on Schedule E and claimed taxes, depreciation, and insurance expenses of $1,322 relating to it.

On their 2000 return, petitioners reported $17,415 in wage income.  On Schedule C, they reported gross receipts of $644, expenses of $14,843, and a net loss of $14,199 from the real

---

[3]    Petitioners provided Metrocall statements for the entire 1999 year.  Eleven months of AT&T statements were provided, 10 months for Alltel, 8 months for Intelos, and 4 months for Verizon.

estate activity.  On Schedule E, they again reported no rental income from the Morningside Heights dwelling and claimed deductions of $1,322 for taxes, depreciation, and insurance expenses, for a net loss from this property of $1,322.

The following is a list of the specific Schedule C expenses at issue for which petitioners claimed and respondent allowed deductions in the statutory notice of deficiency.

For 1999:

| Deductions | Claimed On Sch. C | Allowed On Sch. C |
|---|---|---|
| Car and truck expenses | $17,446 | $1,050 |
| Travel/meals/entertainment | 1,500 | 304 |
| Utilities | 1,220 | 223 |

For 2000:

| Deductions | Claimed On Sch. C | Allowed On Sch. C |
|---|---|---|
| Car and truck expenses | $7,800 | [1] $ 305 |
| Travel/meals/entertainment | 1,500 | 248 |
| Utilities | 1,300 | 1,300 |

---

[1] The stipulations incorrectly state that respondent allowed $395 for this expense for 2000.  The record reflects that $7,800 was claimed and $7,495 was disallowed in the explanation of adjustments, for a difference of $305.  The Court is not bound by a stipulation of fact that appears contrary to the facts disclosed by the record.  Rule 91(e); Estate of Eddy v. Commissioner, 115 T.C. 135, 137 n.4 (2000); Jasionowski v. Commissioner, 66 T.C. 312, 318 (1976).

For both years, the car and truck expenses were claimed with respect to a vehicle placed in service for business purposes on July 1, 1994.  On line 44 of Schedule C, petitioners reported that the vehicle was used 55,600 miles for business, 2,400 miles for commuting, and 0 for other, in 1999.  For 2000, petitioners reported that the vehicle was used 24,000 miles for business, 0 miles for commuting, and 2,500 miles for other.

Petitioners claimed and respondent allowed deductions for the following Schedule E expenses for the Morningside Heights dwelling.  For 1999:

| Deductions | Claimed On Sch. E | Allowed On Sch. E |
|------------|-------------------|-------------------|
| Insurance | $350 | -0- |
| Taxes | 516 | -0- |
| Depreciation | 456 | -0- |

For 2000:

| Deductions | Claimed On Sch. E | Allowed On Sch. E |
|------------|-------------------|-------------------|
| Insurance | $350 | -0- |
| Taxes | 516 | -0- |
| Depreciation | 456 | -0- |

Although disallowed on Schedule E, the petitioners' deductions for real estate taxes paid were allowed by respondent as itemized deductions on Schedule A, Itemized Deductions.

The first issue is whether petitioners are entitled to certain deductions claimed on Schedule C in excess of amounts

allowed by respondent in the notice of deficiency.  Petitioners

bear the burden of proof on this issue.  Rule 142; <u>Welch v.</u>

<u>Helvering</u>, 290 U.S. 111, 115 (1933).[4]

In general, deductions are a matter of legislative grace.

<u>INDOPCO, Inc. v. Commissioner</u>, 503 U.S. 79, 84 (1992).  Taxpayers

are required to maintain records sufficient to enable the

Commissioner to determine their correct tax liability.  Sec.

6001; <u>Higbee v. Commissioner</u>, 116 T.C. 438 (2001); sec. 1.6001-

1(a), Income Tax Regs.  Such records must substantiate both the

amount and purpose of the claimed deductions.  <u>Higbee v.</u>

<u>Commissioner</u>, <u>supra</u>.

Section 162 allows a deduction for ordinary and necessary

expenses that are paid or incurred during the taxable year in

carrying on a trade of business.  Sec. 162(a); <u>Deputy v. Dupont</u>,

308 U.S. 488, 495 (1940).  In the case of travel expenses and

certain other expenses, such as entertainment, gifts, and

expenses relating to the use of listed properties, including

---

[4]   Because of the years involved, the examination of petitioners' returns at issue commenced after July 22, 1998. Therefore, sec. 7491, which under certain circumstances shifts the burden of proof to the Commissioner, applies.  However, for the burden to be placed on the Commissioner on this issue, the taxpayer must comply with the substantiation and record keeping requirements of the Internal Revenue Code.  Sec. 7491(a)(2)(A) and (B).  On this record, petitioners have not wholly satisfied that requirement; therefore, the burden has not shifted to respondent under sec. 7491.  <u>Higbee v. Commissioner</u>, 116 T.C. 438 (2001).

passenger automobiles, cell phones, and other similar telecommunications equipment under section 280F(d)(4)(A), section 274(d) imposes stringent substantiation requirements to document particularly the nature and amount of such expenses.  For such expenses, substantiation of the amounts claimed by adequate records or by other sufficient evidence corroborating the claimed expenses is required.  Sec. 274(d); sec. 1.274-5T(a)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). To meet the adequate records requirements of section 274(d), a taxpayer "shall maintain an account book, diary, log, statement of expense, trip sheets, or similar record * * * and documentary evidence * * * which, in combination, are sufficient to establish each element of an expenditure".  Sec. 1.274-5T(c)(2)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). The elements to be proven with respect to each traveling expense are the amount, time, place, and business purpose of the travel. Sec. 1.274-5T(b)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).  These substantiation requirements are designed to encourage taxpayers to maintain records, together with documentary evidence substantiating each element of the expense sought to be deducted.  Sec. 1.274-5T(c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

Petitioners' records with respect to the car and truck expenses and travel, meals, and entertainment expenses do not

satisfy the requirements of section 274(d) and the regulations cited. Mr. Viar used his vehicle for a number of purposes, including commuting, business, and personal travel. He admittedly failed to maintain logs or contemporaneous records of his mileage or the amount, time, place, and business purpose of his trips. After petitioners were audited, Mr. Viar "reconstructed" his mileage for the different purposes based on his annual odometer readings. Similarly, Mr. Viar did not keep a contemporaneous record of his meals and entertainment expenses detailing the times he provided such services for real estate clients and other business colleagues. He reconstructed these expenses from credit card statements.

The Court is not bound to accept petitioners' uncorroborated or self-serving testimony. Tokarski v. Commissioner, 87 T.C. 74, 77 (1986). Moreover, to the extent petitioner used his vehicle to commute to and from work, such expenses are considered nondeductible personal living expenses. Sullivan v. Commissioner, 45 T.C. 217 (1965), affd. 368 F.2d 1007 (2d Cir. 1966); sec. 1.262-1(b)(5), Income Tax Regs. The Court holds that the car and truck expenses and travel, meals, and entertainment expenses at issue were not properly substantiated under the cited legal standards. Petitioners, therefore, are not entitled to deductions in excess of amounts allowed by respondent for their

car and truck expenses and travel, meals, and entertainment expenses.

With respect to the Schedule C utilities expenses disallowed for 1999, petitioners produced substantiating records in the form of utility bills and thereby met the requirements of section 274(d) and the regulations. Sec. 280F(d)(4)(A)(v). The Court is satisfied from petitioners' records that they incurred ordinary and necessary business-related utility expenses in excess of those allowed by respondent. Mr. Viar's testimony with regard to the number of telecommunications devices and services he utilized for business was credible. Some of his utility bills were missing, but petitioners based their deductions only on the bills provided. Their receipts reflected over $2,400 in expenses, yet petitioners only deducted one-half of these, adjusting downward in part so as not to include their residential or other nondeductible phone expenses. The Court is satisfied that the business utilities expenses documented exceeded the amount allowed by respondent, and that the amount claimed was substantiated. Therefore, the Court allows petitioners to deduct the full amount claimed for utilities on Schedule C of their return for 1999.[5]

---

[5] As noted earlier, respondent allowed the entire amount of $1,300 claimed by petitioners for utilities expenses for the year 2000.

The next issue is whether petitioners are entitled to certain deductions claimed on Schedule E in excess of amounts allowed by respondent. This issue is decided on a preponderance of the evidence and without regard to the burden of proof.

Respondent disallowed petitioners' claimed Schedule E deductions for insurance and depreciation expenses with respect to the Morningside Heights dwelling on the basis of section 280A. Section 280A provides generally that, in the case of an individual or an S corporation, no deduction otherwise allowable shall be allowed with respect to the use of a dwelling unit that is used by the taxpayer during the taxable year as a residence, except as otherwise provided in section 280A. Section 280A(d)(1) provides generally that a taxpayer is considered as using a dwelling unit as a residence if the taxpayer uses the unit for personal purposes during the taxable year for the greater of 14 days or 10 percent of the number of days the unit is rented at a fair value. Section 280A(d)(2) defines use of a dwelling as personal if it is used:

> (A) for personal purposes by the taxpayer or any other person who has an interest in such unit, or by any member of the family (as defined in section 267(c)(4)) of the taxpayer or such other person; [or]
>
>   *       *       *       *       *       *       *
>
> (C) by any individual * * * unless for such day the dwelling unit is rented for a rental which, under the facts and circumstances, is fair rental.

However, a taxpayer shall not be treated as using a dwelling unit for personal purposes by reason of a rental arrangement for any period if for such period such dwelling unit is rented, at a fair rental, to any person for use as such person's principal residence. Sec. 280A(d)(3).

Under section 267(c)(4), "The family of an individual shall include only his brothers and sisters (whether by the whole or half blood), spouse, ancestors, and lineal descendants". Mrs. Viar's brother, therefore, was a family member of petitioners under the plain language of section 267(c)(4). As a result, the use of that dwelling was personal as to petitioners, and section 280A precludes their deduction of the expenses related thereto. Moreover, because no evidence was presented as to the fair rental value of the dwelling or the value of the improvements made by Mrs. Viar's brother, petitioners do not fall under the fair rental exception of section 280A(d)(3). McDonald v. Commissioner, T.C. Memo. 1991-242; Gilchrist v. Commissioner, T.C. Memo. 1983-288. Accordingly, petitioners are not entitled to deduct the depreciation and insurance expenses associated with the Morningside Heights property under the legal provisions cited. Respondent is sustained on this issue.[6]

---

[6] As noted earlier, respondent allowed the claimed deductions for taxes on the dwelling as an itemized deduction.

The final issue is whether petitioners are liable for the accuracy-related penalty under section 6662(a) for the years at issue. As relevant here, section 7491(c) places the burden of production on respondent in court proceedings with respect to the liability of any individual for any penalty, addition to tax, or additional amount imposed. The additional tax imposed pursuant to section 6662(a) falls within the scope of section 7491(c). Respondent, therefore, bears the burden of production on this issue. However, petitioners continue to bear the burden of proving that respondent's determination is incorrect. Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001).

Section 6662(a) provides for an accuracy-related penalty equal to 20 percent of any portion of an underpayment of tax required to be shown on the return that is attributable to the taxpayer's negligence or disregard of rules or regulations. Sec. 6662(a) and (b)(1). Negligence consists of any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code. Sec. 6662(c). Disregard consists of any careless, reckless, or intentional disregard. Id.

The courts have refined the Code definition of negligence as a lack of due care or failure to do what a reasonable and prudent person would do under similar circumstances. Allen v. Commissioner, 925 F.2d 348, 353 (9th Cir. 1991), affg. 92 T.C. 1 (1989). Treasury regulations further provide that negligence

includes any failure to exercise ordinary and reasonable care in the preparation of a tax return, failure to keep books and records, or failure to substantiate items properly. Sec. 1.6662-3(b)(1), Income Tax Regs. A return position that has a "reasonable basis" as defined in the regulation is not attributable to negligence. Id.

An exception to the section 6662 penalty applies when the taxpayer demonstrates that: (1) There was reasonable cause for the underpayment, and (2) the taxpayer acted in good faith with respect to the underpayment. Sec. 6664(c). Whether the taxpayer acted with reasonable cause and in good faith is determined by the relevant facts and circumstances on a case-by-case basis. Stubblefield v. Commissioner, T.C. Memo. 1996-537; sec. 1.6664-4(b)(1), Income Tax Regs. "Circumstances that may indicate reasonable cause and good faith include an honest misunderstanding of fact or law that is reasonable in light of all the facts and circumstances, including the experience, knowledge and education of the taxpayer." Sec. 1.6664-4(b)(1), Income Tax Regs. A taxpayer is not subject to the addition to tax for negligence where the taxpayer makes honest mistakes in complex matters, but the taxpayer must take reasonable steps to determine the law and to comply with it. Niedringhaus v. Commissioner, 99 T.C. 202, 222 (1992). The most important factor is the extent of the taxpayer's effort to assess the proper tax

liability.  <u>Stubblefield v. Commissioner</u>, <u>supra</u>; sec. 1.6664-4(b)(1), Income Tax Regs.

On this record, the Court holds that petitioners are liable for the penalty under section 6662(a) with respect to the Schedule C car and truck expenses, travel, meals, and entertainment expenses.  Mr. Viar offered the following explanation for his failure to keep contemporaneous logs and adequate records for his Schedule C expenses:  "I had a rough time during that five-year period.  I used to keep MacAffie receipts prior to that."  He further stated:  "I think my personal problems, my medical problems, I just didn't keep the receipts that I should have kept, and the ones I did keep, I misplaced."  Nonetheless, the applicable legal standards on deductibility and record keeping are clear, and Mr. Viar's testimony does not support a finding of reasonable cause for the tax underpayment attributable to the items described.

Petitioners are also liable for the section 6662(a) penalty with respect to the disallowed Schedule E expenses.  The law is clear that the use of a dwelling unit by a family member is deemed personal.  Petitioners did not exercise reasonable care in the reporting of this item, nor did they take reasonable steps to determine the law and comply with it.  Respondent is sustained on the penalty for the disallowed Schedule C and Schedule E expenses.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered under Rule 155.