**BOYD CONSTRUCTION COMPANY, Inc.**
**v.**
**The UNITED STATES.**
**No. 454–59.**

United States Court of Claims.
Dec. 11, 1964.

---

10. This is one aspect of the so-called "fact vs. law" question under the Wunderlich Act.

John E. McClure, Washington, D. C., for plaintiff. John P. McClure, Washington, D. C., on the briefs.

Robert Livingston, Washington, D. C., with whom was Asst. Atty. Gen. Louis F. Oberdorfer, for defendant. Edward S. Smith, Lyle M. Turner, Philip R. Miller, Earl L. Huntington and C. Moxley Featherston, Washington, D. C., were on the briefs.

Before COWEN, Chief Judge, LARAMORE, DAVIS and COLLINS, Judges, and WHITAKER, Senior Judge.

PER CURIAM.

This case was referred pursuant to Rule 57(a) (which, prior to April 1, 1964, was Rule 45) to C. Murray Bernhardt, a trial commissioner of this court, with directions to make findings of fact and recommendations for conclusion of law. The commissioner has done so in a report filed June 3, 1963. Briefs were filed by both parties, exceptions to the commissioner's report were taken by both parties, and the case was submitted to the court on oral argument by counsel. Since the court is in substantial agreement with the findings and recommendations of the trial commissioner, as hereinafter set forth, it hereby adopts the same, with minor modifications, as the basis for the judgment in this case.

Plaintiff is entitled to recover, and judgment is entered for plaintiff, with the amount of recovery to be determined pursuant to Rule 47(c) (2).

Subsequent to the filing—on June 3, 1963—of the commissioner's opinion and findings of fact, the court handed down an opinion in the case of Bringwald, Inc. v. United States, Ct.Cl., 334 F.2d 639, decided July 17, 1964. The Bringwald case, like this case, involved the question of the reasonableness of certain salaries. The president of Bringwald received for the year 1953 a salary of $21,000; for 1954, $29,000; and for 1955, $26,000. These salaries were held to be excessive by the Commissioner of Internal Revenue, who allowed a salary of only $12,000 for each of the 3 years. This court concluded that an annual salary of $18,000 would not be unreasonable under that company's financial condition. Other facts in the Bringwald case are distinguishable from this case. For instance, the nature of the business of the two corporations was different. Bringwald, Inc., conducted a trucking business whereas Boyd Construction Company, Inc., was engaged in the construction of water and sewer lines. Clearly, plaintiff's business

is a more complex and demanding enterprise than the trucking business, and plaintiff's officers possessed and exercised more expertise than the officers of Bringwald, Inc.

The established facts show that the officers of Boyd personally spent much more time in the development of business and in operations than did the officers of Bringwald. The gross sales of Boyd for 1954 were $134,508; in 1955, $242,562; and in 1956, $376,524. Bringwald's gross sales for 1953 were $175,611; in 1954, $203,068; and in 1955, $224,839. In 1954 the net income of the plaintiff, after payment of taxes, was $6,916; this represented a return of 11 percent on its invested capital. The corresponding figures for 1955 were $18,196 or 22 percent; and for 1956, the year principally involved and with which this court is now concerned, $22,492 or 22 percent. Bringwald's net income, after payment of taxes, in 1953 was $835; this represented a return of 0.84 percent on its invested capital. The corresponding figures for 1954 were $382 or 0.38 percent; and for 1955, $5,966 or 5.92 percent. Thus, it is apparent by comparison that Bringwald had left in those years very little profit attributable to equipment and invested capital.

Commissioner Bernhardt's opinion, as approved by the court, with minor modifications, is as follows:

The issues in this case concern: (a) the reasonableness of the amount claimed for automobile expense by plaintiff corporation, (b) the deductibility as a business expense of union dues paid by plaintiff on behalf of one of the officers of the Corporation, Mr. Boyd, Jr., (c) the reasonableness of director fees paid by plaintiff to the wives of Mr. Boyd, Sr., and Mr. Boyd, Jr., (d) the reasonableness of the salary paid to another son, who owned no stock, and, finally, (e) the reasonableness of the salaries and bonuses paid to Mr. Boyd, Sr., and Mr. Boyd, Jr., who are the sole stockholders of plaintiff corporation, except for token holdings of one share to each of their wives.

The applicable code provisions involved are Section 23(a) (1) (A) of the Internal Revenue Code of 1939 and its counterpart Section 162(a) (1) of the 1954 Code (26 U.S.C. 1952 ed., Sec. 23 and 26 U.S.C. 1958 ed., Sec. 162). Also relevant are Treasury Regulations 118, Section 39.23(a)–6 (1939 Code), and Section 1.162–7 of Treasury Regulations on Income Tax (1954 Code).

Plaintiff taxpayer is a construction company engaged in business in Hobart, Indiana. At all times involved herein plaintiff had outstanding 100 shares of stock. Vincent Boyd, Sr., owned 59 shares, his son, Vincent Boyd, Jr., owned 39 shares, and their wives, Marie and Martha owned 1 share each.

Upon an audit of plaintiff's income tax returns for the fiscal years ending March 31, 1954, 1955 and 1956, the Commissioner of Internal Revenue disallowed the following deductions claimed by plaintiff:

| *Automobile expense:* | *1954* | *1955* | *1956* |
|---|---|---|---|
| (1) depreciation | $640.63 | $ 640.63 | $ 640.63 |
| (2) insurance | 181.44 | 181.44 | 185.11 |
| (3) gas, oil & grease | 300.00 | 300.00 | 300.00 |
| Union dues | 60.00 | 60.00 | 60.00 |
| Directors fees | | 1,400.00 | 1,400.00 |
| Salaries & wages | | 9,000.00 | 7,000.00 |
| Officers compensation | | | 15,000.00 |

The disallowance of these deductions gave rise to an additional assessment against plaintiff of $20,403.77, including interest. These assessments were paid

in full and plaintiff is now seeking a refund.

Section 162 of the Internal Revenue Code of 1954 (which does not materially vary from its predecessor Section 23(a)(1) (A) of the Internal Revenue Code of 1939) provides as follows:

"(a) *In general.*—There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including—

"(1) a reasonable allowance for salaries or other compensation for personal services actually rendered;

"(2) traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of trade or business; * * *."

■ The Commissioner disallowed 50 percent of the automobile expense claimed by plaintiff. Under Section 162 of the 1954 Code (and Section 23(a)(1) (A) of the 1939 Code), such expense is deductible where the automobile is used in furtherance of the taxpayer's business, but automobile expense arising from personal use is not deductible. Where the automobile is used for both business and personal purposes, an allocation must be made. Leadbetter v. Commissioner, 39 BTA 629. The determination made by the Commissioner is presumed correct. Welch v. Helvering, 290 U.S. 111, 54 S.Ct. 8, 78 L.Ed. 212; Helvering v. Taylor, 293 U.S. 507, 55 S.Ct. 287, 79 L.Ed. 623. The evidence shows that the automobiles in question were used for both personal and company business, but no record was kept as to the amount of mileage for each purpose. In view thereof, it is considered that the determination by the Commissioner must stand. See Cohan v. Commissioner, 2 Cir., 39 F.2d 540, 543–544.

■ The second issue involves the deductibility of the union dues paid by plaintiff on behalf of Mr. Boyd, Jr., an officer of plaintiff corporation. The defendant takes the position that these dues paid to the Operating Engineers were a personal obligation of Mr. Boyd, Jr., and therefore not a necessary business expense *incurred by plaintiff.* However, the fact that the payments made to the union were a personal obligation of Mr. Boyd, Jr. (and presumably would be income to him), does not lessen the benefit which plaintiff obtained. There is evidence that there was a substantial benefit in having an officer in the corporation in the position of being able to operate the machinery and equipment which plaintiff owned. In addition Mr. Boyd, Sr., testified that considerable goodwill was engendered between the company and the union by having the company pay the union dues of all members it employed. It therefore seems clear that the union dues paid by plaintiff may be claimed as a business deduction under both Section 162 of the 1954 Code and Section 23(a)(1) (A) of the 1939 Code.

The remaining issues relate to the reasonableness of compensation paid to Martha and Marie Boyd as directors' fees and as salary and bonuses to William Boyd, Vincent Boyd, Sr., and Vincent Boyd, Jr.

The applicable provisions of the Internal Revenue Code (Section 162 of the 1954 Code and Section 23(a)(1) (A) of the 1939 Code) allow as deductions all "ordinary and necessary expenses" which includes "a reasonable allowance for salaries or other compensation for personal services actually rendered". The Treasury Regulations specify that the compensation must be reasonable and in fact payment purely for services (Treas. Reg. 118 Sec. 39.23(a)–6 and Treas. Reg. on Income Tax Sec. 1.162–7).

The test set forth by the Regulations is as follows:

"(1) Any amount paid in the form of compensation, but not in fact as the purchase price of services, is not deductible. An ostensible salary paid by a corporation may be a distribution of a dividend on stock. This is likely to occur in the case of a corporation having few sharehold-

ers, practically all of whom draw salaries. If in such case the salaries are in excess of those ordinarily paid for similar services, and the excessive payments correspond or bear a close relationship to the stockholdings of the officers or employees, it would seem likely that the salaries are not paid wholly for services rendered, but that the excessive payments are a distribution of earnings upon the stock. * * *

* * * * * *

"(3) In any event the allowance for the compensation paid may not exceed what is reasonable under all the circumstances. It is, in general, just to assume that reasonable and true compensation is only such amount as would ordinarily be paid for like services by like enterprises under like circumstances. * * *"

■ Whether compensation paid to officers and employees was reasonable is a factual question which must be resolved anew in each case (Irby Constr. Co. v. United States, 290 F.2d 824, 154 Ct.Cl. 342; Gordy Tire Co. v. United States, 296 F.2d 476, 155 Ct.Cl. 759.

■ Since the members of the Boyd family were the sole stockholders in plaintiff corporation, compensation paid to the family should be subject to close scrutiny in order to insure that salaries and bonuses are not being used as a vehicle for siphoning off otherwise taxable corporate profits. (Heil Beauty Supplies v. Commissioner, 199 F.2d 193, 194 (8th Cir.); Irby Constr. Co. v. United States, supra; Gordy Tire Co. v. United States, supra.)

The Government contends that the failure of the plaintiff to declare dividends is a strong indication that the salaries and bonuses paid to the Boyds represented distributions of the corporate profits. As the court said in Marble & Shattuck Chair Co. v. Commissioner, 39 F.2d 393, 396 (6th Cir.):

"As prosperous corporations do not usually fail to make some distribution of their profits as such to

their stockholders, this omission, coupled with the fact that the distributions in question were to holders of common stock on the basis of their holdings, is very strong evidence that the payments were, and were intended to be, of profits, disguised somewhat to simulate additional compensation."

It should be noted that plaintiff company made a substantial showing of profit on invested capital after payment of the disputed director fees, salaries and bonuses. The rates of return during the taxable years 1954–1956 were 11 percent, 22 percent and 22 percent. This is considerably in excess of the ratio discussed in Gordy Tire Co., supra.

■ Martha and Marie Boyd were each paid $1,000 per year for each of the tax years in question. The figure of $300 set by the Commissioner was totally unrealistic. Although the Government attempts to minimize their service to plaintiff, the evidence shows that one or the other would go to the office every day for a period of two to six hours. They were among the four people authorized to open the mail and did various jobs in and out of the office, including making trips to the bank, etc. They also occasionally handled company business while at home. The salary of $1,000 each seems reasonable in terms of the services which they rendered to plaintiff.

■ The record reveals that Mr. Boyd, Sr., plaintiff's president, and Mr. Boyd, Jr., its vice president and secretary, were responsible for the success of plaintiff company. The owners of a business are in the best position to judge what is a reasonable salary and unless it is incompatible with the services rendered it should not be disturbed (Gordy Tire Co. v. United States, supra).

■ In the year in question, fiscal 1956, Mr. Boyd, Sr., and Mr. Boyd, Jr., earned $30,000 each in salaries and bonuses. This compensation is not unreasonable for a company which had gross sales of $376,524. Nor were these an-

nual bonuses used to siphon off unexpected earnings, although it is not surprising that the amount of the bonuses was tied to the increasing success of the company.

The Commissioner unilaterally reduced the salaries of Mr. Boyd, Sr., and Mr. Boyd, Jr., to $22,500. In doing so he was unreasonable, and the presumption of correctness which attaches has been effectively rebutted by taxpayer's evidence that the compensation paid to Mr. Boyd, Sr., and Mr. Boyd, Jr., was not unreasonable.

■ The salary and bonus paid to William Boyd in fiscal 1956 were also not unreasonable. During that taxable year he was paid a weekly salary of $125 (with the exception of one week when he earned $145) and a year-end bonus of $10,000. This amounts to a total compensation of $16,520. The Commissioner of Internal Revenue disallowed $7,000 as being in excess of reasonable compensation. However, this salary seems justified in terms of the services which William Boyd rendered to the company in his capacity as vice president and assistant secretary. It is considered that the Commissioner was correct with respect to his determination that the compensation paid William Boyd in fiscal 1955 was excessive. During that fiscal year William Boyd was in the U. S. Army, and was not discharged until February 23, 1955. He worked the remaining five weeks of the fiscal year (he also worked when he was home on leave) for a weekly salary of $125, a total salary of $625. He was given a bonus of $10,000 for that year, bringing his total compensation to $10,625 for something more than five weeks employment. From the evidence presented it is difficult to conclude that this amount was paid to him solely for his services during that period, and the Commissioner's determination that $9,000 of the $10,625 represented unreasonable compensation is considered correct. It should be noted that the amount allowed by the Commissioner of Internal Revenue, if prorated over the entire year, would be somewhat in excess of William Boyd's annual salary for fiscal 1956. This lends support to the determination

that the Commissioner was unreasonable with respect to the amount of compensation allowed William Boyd in fiscal 1956.

In summary, the amount of deduction allowed by the Commissioner with regard to automobile expenses in fiscal years 1954, 1955 and 1956 was correct. The union dues paid by plaintiff in behalf of Mr. Boyd, Jr., should be allowed as a deduction. The director fees paid to Martha and Marie Boyd during fiscal years 1955 and 1956 were reasonable and the Commissioner of Internal Revenue's decision that they were excessive was erroneous. The officers' compensation paid to Mr. Boyd, Sr., and Mr. Boyd, Jr., in fiscal 1956 was reasonable. The Commissioner's determination that $9,000 of $10,625 paid to William Boyd in fiscal year 1955 was excessive is considered correct, but his conclusion that $7,000 of the $16,520 paid William Boyd in fiscal 1956 was excessive is unreasonable.

Judgment will be entered in plaintiff's favor, with the amount to be computed under Rule 47(c) (2).