Vincent and Bernadine L. Alfano v. Commissioner.
Alfano v. Commissioner
Docket No. 3685-68.
United States Tax Court
T.C. Memo 1970-26; 1970 Tax Ct. Memo LEXIS 337; 29 T.C.M. (CCH) 72; T.C.M. (RIA) 70026; February 3, 1970, Filed Vincent Alfano, pro se, 1912 N. Ann Arbor Pl., Oklahoma City, Okla.Robert G. Faircloth, for the respondent. QUEALY
Memorandum Findings of Fact and Opinion QUEALY, Judge: The respondent determined deficiencies in petitioners' Federal income taxes for the taxable years 1965 and 1966 in the amounts of $93.46 and $57.80, respectively. The sole issue for determination is whether petitioners are entitled to deductions for automobile expenses and depreciation in excess of the amounts allowed by respondent. Findings of Fact Some of the facts have been stipulated. The stipulation of facts and exhibits attached thereto are incorporated *338 herein by this reference. Petitioners Vincent and Bernadine L. Alfano were residents of Birmingham, Alabama, at the time of the filing of their petition in this case. Petitioners filed joint Federal income tax returns for 1965 and 1966 with the district director of internal revenue at Birmingham, Alabama. In such years, the petitioners elected the standard deduction under section 144 of the Code. Vincent Alfano was an employee of the internal revenue service and an official of an employees' union during 1965 and 1966. The Alfanos were the owners of a four unit apartment building located at 972 Pike Road, Birmingham. They lived in one of the apartments during 1965 and until December 20, 1966; and rented the other three units. During 1965 and 1966 the petitioners owned two automobiles, a Plymouth that was used for both personal and business transportation, and a Chevrolet that was used solely for personal transportation. The Chevrolet was given to the Alfanos by Bernadine's father. Records of the operating costs of the automobiles were maintained. For the taxable year 1965 the petitioners claimed on their returns deductions for the 73 automobile expenses in the amount of *339 $407.67 and depreciation in the amount of $485.00 attributable to the business use of the Plymouth by Vincent. Total expenses and depreciation attributable to the Plymouth were $713.43 and $850.00, respectively. The claimed automobile expense and depreciation deductions were computed on the basis that 3,200 miles, or approximately 57 percent, of the 5,597 recorded miles in 1965 represented Vincent's business usage; and thus, 57 percent of the total expenses and depreciation were deductible. The 3,200 miles claimed for business usage was arrived at by subtracting from the total recorded miles an estimate of the miles used in commuting to and from his regular place of employment. The 3,200 miles were then allocated as follows: 1,104 miles for transportation in connection with Vincent's job as a revenue agent; 2,096 miles for transportation in connection with rental property and union activities. Vincent was reimbursed for his revenue service mileage, and petitioners included such amounts in their gross income. In both 1965 and 1966 Vincent used the Plymouth to haul concrete blocks used in the construction of a carport and a storage room, to haul slag for a driveway, and to transport *340 carpets to the apartment house. Vincent also relied on the automobile in those years as transportation to obtain materials to repair his apartments, to do his banking and to view other apartment buildings in order to keep informed of the local rental market. Total miles traveled to perform such activities in the two years under consideration did not exceed 1,000 miles. The record does not indicate the particular year in which these activities occurred. In his capacity as an official of an employees' union, Vincent represented two co-employees in personnel matters before the internal revenue service during 1965. This activity required weekend and evening travel. Total miles traveled to perform such activities did not exceed 400 miles. For the taxable year 1966 the petitioners claimed deductions for automobile expenses in the amount of $259.24 and depreciation in the amount of $318.75 attributable to the business use of the Plymouth by Vincent. Total expenses and depreciation attributable to the Plymouth were stated to be $518.47 and $637.50, respectively. These amounts did not include $101.26 interest paid in 1966 on account of the purchase of the Plymouth. For the year 1966, *341 the claimed business deductions were computed in the same manner as for the year 1965. The petitioner estimated that 3,750 miles, or 50 percent of the 7,500 total miles in 1966, were for business transportation. Since Vincent's records for 1966 were more incomplete than his 1965 records, he based his 1966 mileage computation on his 1965 computation which he believed to be typical. Reference has already been made to the purposes for which the Plymouth was used in connection with the improvement and operation of the apartment house during 1966. The record does not show Vincent's reimbursed revenue service mileage for 1966. However, based on Vincent's typical 1965 mileage, we find that such mileage did not exceed 1,104 miles. The auto was not used for union activities in 1966. Otherwise, Vincent's business activities did not change substantially between 1965 and 1966. In his notice of deficiency, respondent did not question the total amount of the cost of operating the Plymouth to be allocated between business and non-business use. The respondent's deficiency was based on limiting business use to 30 percent of the total miles driven, or 1,679 miles in 1965 and 2,250 in 1966. Opinion
*342 Automobile expenses and depreciation are deductible under sections 162 [1] and 167, [2]I.R.C. 1954 when, and to the extent that, an automobile is used in furtherance of a taxpayer's business. See Boyd Construction Company v. United States, 339 F. 2d 620 (Ct. Cl. 1964); R.C. Musser 3 B.T.A. 498 (1926). The determination made by the respondent is presumed correct. Welch v. Helvering, 290 U.S. 111 (1933). The burden on the petitioners in the instant case was to offer evidence in support of deductions greater than that determined by the respondent. Delores Bussabarger, 52 T.C. 819 (1969). 74 After taking into account mileage on Vincent's *343 government and union activities (1,504 miles in 1965 and 1,104 miles in 1966), the respondent's determination results in an allowance of 1,321 total miles as deductible by the petitioners for transportation in connection with their rental property for the two-year period. The mileage allowed was in excess of the 1,000 miles estimated by Vincent as his total mileage in 1965 and 1966 in connection with his rental property. On the evidence most favorable to the petitioners, the petitioners did not establish that the business use of the Plymouth automobile in 1965 and 1966 exceeded the mileage allowed by respondent. Accordingly, the respondent's determination that the business use of the Plymouth did not exceed 30 percent of the total usage for each of the years 1965 and 1966 must be sustained. However, expense for the Plymouth for the year 1966 should be increased by the interest expense of $101.26. On the basis of the foregoing, we hold that the petitioner is not entitled to deduct expense incurred in the operation of the Plymouth automobile in excess of $469.04 for the year 1965 and $377.17 for the year 1966. Decision will be entered under Rule 50. Footnotes
1. SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General. - There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, * * *. ↩
2. SEC. 167. DEPRECIATION. (a) General Rule. - There shall be allowed as a depreciation deduction a reasonable allowance for the exhaustion, wear and tear (including a reasonable allowance for obsolescence) - (1) of property used in the trade or business, * * *.↩