T.C. Memo. 2003-286

UNITED STATES TAX COURT

DAVID J. BOYD, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4794-00.                    Filed October 3, 2003.

David J. Boyd, pro se.

<u>Louis H. Hill</u>, for respondent.

MEMORANDUM OPINION

COUVILLION, <u>Special Trial Judge</u>:  Respondent determined a
deficiency of $4,556 in petitioner's Federal income tax for the
year 1995 and an addition to tax of $801.68 under section
6651(a)(1).

The issues for decision are:  (1) Whether petitioner is
entitled to claim itemized deductions on Schedule A, Itemized
Deductions, for 1995; (2) whether petitioner is entitled to

deduct certain trade or business expenses for 1995 on Schedule C, Profit or Loss From Business, in excess of amounts allowed by respondent; and (3) whether petitioner is liable for the addition to tax under section 6651(a)(1) for failing to file his Federal income tax return for 1995 timely.[1]  Petitioner's liability for additional self-employment tax is a computational issue dependent on the Court's holding on the issues described.

Some of the facts were stipulated, and those facts, with the annexed exhibits, are so found and are incorporated herein by reference.  At the time the petition was filed, petitioner's legal residence was Cincinnati, Ohio.  Petitioner was married during the year at issue.

Petitioner is an attorney engaged in the practice of law in Cincinnati.  He began his law practice as a sole proprietorship. In October 1994, he incorporated his practice in Ohio under that State's legal professional association statute.  However, no valid corporate return was filed on behalf of petitioner's professional corporation for 1995.[2]

---

[1]     Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]     Petitioner mailed a Form 1120, U.S. Corporation Income Tax Return, to the Internal Revenue Service on behalf of his professional corporation for 1995.  That return reflected no taxes due; however, the return was returned to petitioner as being incomplete.  No further attempt was made on behalf of the
(continued...)

Petitioner's law practice involved litigation in which he regularly made court appearances throughout the State of Ohio. He had an American Express card that he used exclusively for business purposes. His law practice expenses, such as meals, hotel, and entertainment expenses, were charged to the credit card. Petitioner was provided monthly statements and an annual summary of expenses charged to the card. Petitioner did not offer into evidence any American Express statements or the 1995 annual summary.

Petitioner and his wife owned two family vehicles. Petitioner used both of these vehicles in his law practice and incurred vehicle expenses going to court and keeping client appointments in different parts of Ohio. Other vehicle expenses were incurred in commuting to his office and paying parking charges. At trial, petitioner claimed a total of $5,873 in car and truck expenses, which he derived by taking a "reasonable proportionate share" of his lease payments, auto repairs, oil changes, tuneups, tires, and other vehicle expenses from his check records. He also claimed $975 in parking expenses.

---

[2](...continued)
professional corporation to perfect the Form 1120 for 1995. Respondent has not raised as an issue that the law practice activity conducted by petitioner was an activity of the professional corporation. This case, therefore, is based upon petitioner's activity in the practice of law rather than that of a professional corporation.

Petitioner did not keep a log in the use of his vehicles, nor did he produce any other contemporaneous record of his car and truck expenses, the business use of his vehicles, or parking expenses.

Petitioner also claimed expenses in taking clients out for meals. He did not keep contemporaneously prepared records in connection with these expenses. At trial, he claimed $2,694.76 for meals expenses, which he determined using his annual statement from American Express. As previously noted, the credit card statement was not produced at trial.

Petitioner's claimed expenses also included expenses related to playing golf with clients. He maintained a membership at the Cincinnati Athletic Club, for which he paid dues. Petitioner did not keep a record of these client entertainment expenses.

Petitioner had a professional relationship with a local union, the United Food and Commercial Workers Union (UFCW), Local 1099. Incident to this relationship, petitioner was allowed membership in the union in order to obtain favorable health insurance coverage for himself and his wife. The union dues were $25 per month, which amounted to $300 a year. Petitioner substantiated only $275 of union dues paid to UFCW Local 1099 during 1995.

Petitioner claimed, as business expenses, charitable contributions to various organizations that solicited him at his law office. He stated that he made the contributions "in my

capacity as an attorney." At trial, petitioner claimed $2,294 in such contributions but provided no documentation to support payment of such amount.

Petitioner filed his 1995 Federal income tax return (original return) with the Internal Revenue Service on January 21, 1997. As further explained below, he later filed an amended return. Petitioner claimed a filing status of married filing separately to avoid collection activities against his wife. Petitioner's wife filed separately for 1995 and claimed the standard deduction. Nothing in the record indicates that petitioner was separated or living apart from his wife.

On his original return, petitioner reported no wage income on line 7 of Form 1040. He reported trade or business income on line 12 in the amount of $24,392.92. He claimed the standard deduction, reported $3,446.61 in self-employment tax, and claimed one-half of the self-employment tax, or $1,723.51, as a deduction. On the attached Schedule C, petitioner reported $72,520.03 in gross receipts and claimed $48,127.11 in expenses from his law practice. These Schedule C expenses included $5,873 in car and truck expenses, $1,892.52 in travel expenses, $2,694.76 as the deductible portion of meals and entertainment expenses, and $8,215.61 in other expenses. The "other expenses" included $1,298.83 for memberships, $975 for parking, and $2,294 for charitable contributions.

Petitioner filed an amended Federal income tax return for 1995 on September 15, 1997. On this amended return, petitioner reported $22,904.98 in salary and wage income. The amended return included a Schedule A, on which petitioner claimed an itemized deduction of $4,639.90 for taxes and interest. The amended return does not include a Schedule C, nor does it include any Forms W-2, Wage and Tax Statement, with respect to the $22,904.98 reported as salary income. On page 1 of the amended return, line 12 (for Schedule C trade or business income) is blank; yet, line 47 of the return (for other taxes) includes $3,236 for self-employment taxes, and on line 27 (adjustments to income) a deduction of $1,618.37 is claimed for one-half of the self-employment taxes. There is no statement attached to the amended return explaining the reasons for the amended return and how, in particular, the amended return related to the Schedule C activity reported on petitioner's original return. Petitioner's testimony was not clear as to why he filed the amended return. The income reported on the amended return appears to be the same income reported on Schedule C, although, admittedly, the numbers do not match.

In the notice of deficiency, respondent disallowed petitioner's itemized deductions on the basis that such deductions, relating to the trade or business activity of practicing law, were properly reportable on Schedule C rather

than Schedule A.  Petitioner was allowed the standard deduction under section 63(c) instead of the claimed itemized deductions. Petitioner's Schedule C expenses as reported on the original return were adjusted to allow $50 for meals, $1,500 for car and truck expenses (calculated by multiplying the standard mileage rate by 5,000 miles), $100 for travel expenses, $756 for memberships, and $500 for parking.  Respondent disallowed all of petitioner's charitable contributions.  The remainder of petitioner's Schedule C expenses was not adjusted.  Respondent determined $1,713 for self-employment tax and allowed a corresponding deduction for one-half of that tax.  Respondent also determined the addition to tax under section 6651(a)(1).

Deductions are a matter of legislative grace, and the taxpayer bears the burden of proving entitlement to any deductions claimed.  Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992).  The taxpayer is required to identify each deduction available and show that all requirements have been met.  New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).  It is also the taxpayer's responsibility to maintain records sufficient to enable the Commissioner to determine the correct tax liability.  Sec. 6001; sec. 1.6001-1(a), Income Tax Regs.; Higbee v. Commissioner, 116 T.C. 438 (2001).  The taxpayer must substantiate both the amount and purpose of claimed deductions.  Higbee v. Commissioner, supra.  Moreover, the burden

of proof as to the deficiency has not shifted to respondent in this case.[3]

The first issue is whether petitioner is entitled to claim itemized deductions on Schedule A. Respondent contends that petitioner is not entitled to itemize deductions because his wife, who filed separately for 1995 prior to petitioner, did not elect to itemize. Sec. 63(e). Respondent is sustained on this point. Under section 63(e)(1), itemization is only allowed when the taxpayer makes an election; petitioner did not elect to itemize on his original individual return. Moreover, a change of election shall not be allowed unless the taxpayer's spouse elects consistent treatment and consents in writing to the assessment of any deficiency arising from the change. Sec. 63(e)(3); sec. 1.63-1, Income Tax Regs. Petitioner's spouse did not elect to itemize deductions on her original return, nor did she consent to itemization when petitioner amended his return. Therefore, petitioner is not entitled to claim deductions on Schedule A.

---

[3] Sec. 7491(a), in certain instances, places the burden of proof on respondent with respect to examination of returns commencing after July 22, 1998. The examination of petitioner's return may have commenced after July 22, 1998. However, for the burden to be placed on the Commissioner, the taxpayer must comply with the substantiation and record keeping requirements of the Internal Revenue Code. Sec. 7491(a)(2)(A) and (B). In addition, sec. 7491(a) requires that the taxpayer cooperate with reasonable requests by the Commissioner for "witnesses, information, documents, meetings, and interviews". Sec. 7491(a)(2)(B). On this record, the burden has not shifted to respondent under sec. 7491(a). Higbee v. Commissioner, 116 T.C. 438 (2001).

Any expenses related to the law practice must be claimed on Schedule C.

The Court rejects petitioner's argument that section 63 violates his due process and equal protection rights.  Generally, where no fundamental rights are threatened, statutory classifications are valid if they bear a rational relation to a legitimate governmental purpose.  Regan v. Taxation With Representation, 461 U.S. 540, 547 (1983).  Particularly in the area of family taxation, Congress must be accorded wide latitude. Druker v. Commissioner, 697 F.2d 46, 50-51 (2d Cir. 1982), affg. in part and revg. in part 77 T.C. 867 (1981).  Here, no fundamental right of petitioner's is at stake, and petitioner has not overcome the strong presumption of constitutionality afforded tax legislation.  Regan v. Taxation With Representation, supra at 547; Nammack v. Commissioner, 56 T.C. 1379, 1385 (1971), affd. per curiam 459 F.2d 1045 (2d Cir. 1972); Black v. Commissioner, 69 T.C. 505, 507-508 (1977).  Further, "perfect equality or absolute logical consistency between persons subject to the Internal Revenue Code * * * [is not] a constitutional sine qua non".  Barter v. United States, 550 F.2d 1239, 1240 (7th Cir. 1977) (per curiam) (statutory difference in tax rates for married couples and single individuals does not violate Fifth Amendment Due Process).  Petitioner's constitutional argument is rejected.

The second issue for decision is whether petitioner is entitled to deduct certain expenses relating to his law practice on Schedule C in excess of amounts allowed by respondent.  The expenses claimed included car and truck expenses, meals, travel, and miscellaneous expenses for memberships, parking, and charitable contributions.[4]

Section 162 allows a deduction for ordinary and necessary expenses that are paid or incurred during the taxable year in carrying on a trade of business.  Sec. 162(a); Deputy v. du Pont, 308 U.S. 488, 495 (1940).  In the case of travel expenses and certain other expenses, such as entertainment, gifts, and expenses relating to the use of listed properties, including passenger automobiles under section 280F(d)(4)(A), section 274(d) imposes stringent substantiation requirements to document particularly the nature and amount of such expenses.  For such expenses, substantiation of the amounts claimed by adequate records or by other sufficient evidence corroborating the claimed

---

[4]     Because petitioner is not entitled to itemize deductions on Schedule A, he cannot claim union dues as a miscellaneous itemized deduction.  Sec. 67(b); Butler v. Commissioner, T.C. Memo. 1998-355.  Moreover, the dues were not ordinary and necessary business expenses.  Petitioner, a lawyer, "joined" a food and commercial workers' union for the personal benefit of obtaining insurance.  The record contains no evidence of any benefit to the law practice of petitioner's union "membership".  Cf. Boyd Constr. Co. v. United States, 168 Ct. Cl. 579, 339 F.2d 620, 623 (1964) (union dues paid by a construction company on behalf of an officer were deductible where evidence showed there was a substantial benefit to the corporation).

expenses is required. Sec. 274(d); sec. 1.274-5T(a)(l), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). To meet the adequate records requirements of section 274(d), a taxpayer "shall maintain an account book, diary, log, statement of expense, trip sheets, or similar record * * * and documentary evidence * * * which, in combination, are sufficient to establish each element of an expenditure". Sec. 1.274-5T(c)(2)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). The elements to be proven with respect to each traveling expense are the amount, time, place, and business purpose of the travel. Sec. 1.274-5T(b)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). These substantiation requirements are designed to encourage taxpayers to maintain records, together with documentary evidence substantiating each element of the expense sought to be deducted. Sec. 1.274-5T(c)(l), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

Petitioner offered little or no evidence at trial with respect to his parking, car and truck, travel, meals, and entertainment expenses that would satisfy the requirements of section 274(d) and the regulations cited. Similarly, no evidence of petitioner's membership expenses was submitted. While petitioner claimed to have offered more evidence to respondent's agent during the audit, that evidence was conspicuously lacking at trial, particularly considering petitioner's profession as a litigator. To the extent petitioner used his vehicle to commute

to and from work, such expenses are considered nondeductible personal living expenses.  Sullivan v. Commissioner, 45 T.C. 217 (1965), affd. 368 F.2d 1007 (2d Cir. 1966); sec. 1.262-1(b)(5), Income Tax Regs.  The parking, car and truck, travel, meals, entertainment, and membership fee expenses were not properly substantiated under the cited legal standards.  Petitioner, therefore, is not entitled to deductions in excess of amounts allowed by respondent.

Section 170 allows a deduction for charitable contributions during the taxable year, if verified as provided in the regulations.  Sec. 170(a)(1).  Ordinarily, charitable contributions are deducted on Schedule A, pursuant to section 170.  However, an individual may be entitled to claim a payment to a charitable organization as a trade or business expense on Schedule C, if no part of such payment is allowable under section 170.  Sec. 1.162-15(a), Income Tax Regs.  Generally, such a payment may be claimed as a deduction on Schedule C to the extent that it bears a direct relationship to the taxpayer's trade or business and is made with a reasonable expectation of a financial return commensurate with the amount of the payment.  Cf. sec. 1.162-15(b), Income Tax Regs.

Although petitioner did not substantiate his claimed charitable contributions with written documentation, the Court is satisfied that petitioner did make some payments qualifying as

deductible trade or business expenses during 1995.  Therefore, under the Court's discretionary authority pursuant to <u>Cohan v. Commissioner</u>, 39 F.2d 540, 543-544 (2d Cir. 1930), the Court allows petitioner a deduction of $300 as a trade or business expense on Schedule C for the year at issue.[5]

The final issue is whether petitioner is liable for the addition to tax under section 6651(a)(1) for failure to file a timely return for the year 1995.  Section 6651(a)(1) provides for an addition to tax if a tax return is not filed timely, unless the taxpayer establishes that the failure to file did not result from willful neglect and that the failure to file was due to reasonable cause.  Willful neglect has been construed to mean a conscious, intentional failure or reckless indifference.  <u>United States v. Boyle</u>, 469 U.S. 241, 245-246 (1985).  Reasonable cause generally requires a taxpayer to demonstrate that he or she exercised ordinary business care or prudence.  Sec. 301.6651-1(c)(1), Proced. & Admin. Regs.  It is undisputed that petitioner's original 1995 tax return was not filed until January 21, 1997.  The due date for filing that return was April 15, 1996.  Petitioner did not present satisfactory evidence of

---

[5]     Due to the Court's conclusion that petitioner is properly a Schedule C filer with respect to his law practice, he is liable for additional self-employment tax.  Respondent is sustained on this issue, and the adjustment will be reflected in the Rule 155 computation.

reasonable cause or the lack of willful neglect for the late filing of his 1995 return.  Respondent is sustained on this issue.

<u>Decision will be entered</u>

<u>under Rule 155.</u>