Daniel Fiore and Evelyn Fiore v. Commissioner.
Fiore v. Commissioner
Docket No. 1684-67.
United States Tax Court
T.C. Memo 1968-104; 1968 Tax Ct. Memo LEXIS 195; 27 T.C.M. (CCH) 519; T.C.M. (RIA) 68104; May 29, 1968. Filed *195 Held, that petitioner, a police officer who for convenience used his automobile in driving to and from his home and different duty stations and for transporting and storing his uniform and equipment, is not entitled to deduct the cost of operating the automobile as an ordinary and necessary business expense. The uniform could have been worn and the equipment readily carried. Daniel Fiore, pro se, 10 Newark Ave., Westwood, N.J. Frank N. Panza, for the respondent. DAWSON
Memorandum Findings of Fact and Opinion DAWSON, Judge: Respondent determined an *196 income tax deficiency of $246.24 against petitioners for the year 1965. The only issue for decision is whether all or any part of the expenses incurred by Daniel Fiore, a police officer for the Port of New York Authority, in driving his automobile from his home to different duty stations and back each working day in order to transport his uniform and equipment were ordinary and necessary business expenses. Findings of Fact Some of the facts have been stipulated and are found accordingly. Petitioners Daniel and Evelyn Fiore are husband and wife who resided in Westwood, New Jersey, on the date they filed their petition herein. Their joint Federal income tax return for the calendar year 1965 was filed with the district director of internal revenue at Newark, New Jersey. Daniel Fiore (herein called petitioner) was employed by the Port of New York Authority during 1965 as a central police pool officer. As a replacement for regular officers who were absent from their duty stations, petitioner was assigned on a daily basis to at least 14 Port Authority facilities within a 20-mile radius of the Statute of Liberty. He was often transferred between duty stations during the day and *197 was required to work both indoors and outdoors. He was generally notified of his next duty station a day in advance by the central police desk officer. In performing his regular duties, petitioner was required to wear a neatly pressed uniform and to carry or have immediately available the following items: a revolver, holster and gun belt, 12 spare rounds of ammunition and carrier, a night stick, a billy club, handcuffs, a whistle, a summons folder, a memorandum book, a white traffic belt, a rubber raincoat and rainhood, rubber police boots, and an overcoat (seasonal). All together the uniform and equipment has a combined weight of approximately 35 pounds. Petitioner drove from his home to his duty station and back at night in his personal automobile. The daily trips averaged approximately 80 miles. He did not wear his uniform to his duty station but carried each day a suitcase containing the smaller items of required equipment, a garment bag containing his uniform and overcoat, and the rain gear which was carried llosely in the car. The Port Authority did not provide overnight storage space for this equipment at any of the duty stations. Petitioner used his car daily at the duty *198 stations for storing the equipment not being used at the moment. It was possible for petitioner to wear or carry all of the items in traveling by public transportation to work each day. Petitioner attempted to use public transportation, which was available free of charge to police officers in uniform, but he discovered that carrying the equipment caused some inconvenience and interfered with his quick reaction to emergency situations arising during the trips which he felt obligated to handle. The time required for trips by bus was much greater than for trips by automobile, occasioned primarily by the necessity of making several transfers each trip, and petitioner was occasionally delayed when in uniform on a public carrier because of the need to answer questions directed to him in his capacity as a police officer. Automobile expenses of $1,531.26 incurred by petitioner during 1965 in driving from his home to his duty stations and back were characterized by respondent as commuting expenses and were disallowed in their entirety as a deduction. 520 Opinion It is respondent's contention that since petitioner could have utilized public transportation in traveling and carrying *199 his equipment to and from his duty stations, the expenses incurred by using his automobile for this purpose are personal, nondeductible commuting expenses under section 262, Internal Revenue Code of 1954. [1] Petitioner, on the other hand, argues that because the equipment was too heavy and bulky to be readily transported on public carriers, the use of his car for this purpose was ordinary and necessary to his business, thus making the expenses incurred deductible under section 162(a). The well-established rule is that commuting expenses are nondeductible, personal expenses. Section 1.262-1(b)(5), Income Tax Regs.; Commissioner v. Flowers, 326 U.S. 465 (1946). This general rule has been held to be subject to a limited exception where it is necessary for a taxpayer to transport heavy tools or equipment to and from work. See Tyne v. Commissioner, 385 F. 2d 40 (C.A. 7, 1967), reversing and remanding a Memorandum Opinion of this Court; Sullivan v. Commissioner, 368 F. 2d 1007 (C.A. 2, 1966), reversing and remanding 45 T.C. 217 (1965); *200 and Rev. Rul. 63-100, 1963-1 C.B. 34. However, we do not reach the question involved in Tyne and Sullivan because we think the facts of this case bring it within the general commuting expense rule. In the performance of his duties as a police officer the petitioner was required to wear a uniform and have immediately available several items of equipment. Since his duty station was subject to daily change and no overnight storage space was provided for his equipment at any of the duty stations, petitioner was required to carry the equipment to and from work each day. Consequently, the narrow but crucial question facing us here is whether the equipment was of such size and weight that it could not be readily carried. Under these circumstances we think the equipment could have been readily carried by petitioner. Most of the items are those usually worn or carried by a police officer while he is on duty. Petitioner admits that he could have worn or carried on his person all of the items he carried in his automobile. In fact, he has occasionally done so. He simply chose not to wear his uniform and use public transportation because it would have been inconvenient. After *201 separating the uniform and equipment customarily worn or carried by a police officer, we do not view the rain gear or overcoat, when carried, as being equipment so heavy, unwieldy or bulky as to necessitate the use of petitioner's automobile in traveling from his home to work. Despite the inconvenience, petitioner cannot escape the broad jaws of commuting expenses. See Commissioner v. Flowers, supra. Accordingly, we hold that the expenses incurred by petitioner are nondeductible personal expenses under section 262. Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954.↩