James P. Marzano and Julia Marzano v. Commissioner.
Marzano v. Commissioner
Docket No. 2306-68.
United States Tax Court
T.C. Memo 1970-159; 1970 Tax Ct. Memo LEXIS 201; 29 T.C.M. (CCH) 694; T.C.M. (RIA) 70159; June 18, 1970, Filed James P. Marzano, pro se, 47 Merriewold Lane N., Monroe, N. Y. Jay S. Hamelburg, for the respondent. FORRESTER
Memorandum Findings of Fact and Opinion FORRESTER, Judge: Respondent has determined a deficiency in petitioners' Federal income tax for 1965 in the amount of $291.42. The only issues for decision are: (1) whether expenses incurred by James P. Marzano, a police officer employed by the Port of New York Authority, in driving his automobile to and from his home and different duty stations, and between duty stations, were ordinary and necessary business expenses *202 deductible under section 162(a); [1] and (2) whether certain telephone expenses, representing the basic charge for petitioners' home telephone are ordinary and necessary business expenses incurred in order to receive calls from husbandpetitioner's employer. Findings of Fact Petitioners herein are James P. Marzano (hereinafter sometimes referred to as James or petitioner), and his wife, Julia M. Marzano, who resided in Monroe, New York, at the time the petition herein was filed. Their joint Federal income tax return for the year in issue was filed with the district director of internal revenue, Albany, New York. During 1965 James was employed as a police officer by the Port of New York Authority (hereinafter sometimes referred to as Authority) attached to the Central Police Pool. As a police-pool officer, he 695 was assigned to duties at various Authority facilities on a day-to-day basis, generally being informed of his duty station on the day before the duty. He was also liable to be transferred during the day to a new station. All Authority facilities are within a 25-mile radius *203 of the Port Authority Building located at 15th Street and Eighth Avenue, New York City, and petitioners' home was approximately 50 miles there-from. In performing his duties, James was required to have a well-pressed uniform and to carry or have available for his use the following items: hat, overcoat (seasonal), holster and gun belt, loaded revolver, eighteen spare rounds of ammunition, night stick, billy club, handcuffs, rainhat, raincoat and rubber police boots. Also, since he could be assigned to work both out and indoors, he needed to carry a blouse for indoor use, should he be transferred during the day from outside to indoor work where no overcoat was worn. These articles weighed a total of approximately 40 pounds. During the year in issue, James drove directly from his home to his duty station and back every work day. Also, on about 10 occasions during 1965, he was transferred between duty stations on the same day. He also drove his car on these transfers, which averaged approximately 10 miles each. While James was liable at any time to be transferred during the day, the Authority did not require him to have an automobile available for such transfers. James carried his *204 equipment and uniform to work in his car and used his car to store equipment not in use during the day. He could have worn his uniform while traveling to and from work, and between duty stations, but chose not to. Lockers were provided to store civilian clothes at James' duty stations, and he used them. No lockers were available, however, to leave uniforms overnight, unless an officer was assigned permanently to a facility. Public transportation was available, free of charge, for James to travel between home and work, as well as between duty stations during the day. The time in traveling on public transportation, as opposed to his own car, was significantly longer, and it was far less convenient. In total petitioners claimed $1,926.50 in their joint income tax return for 1965 as James' traveling expenses for that year. He worked 210 days and estimated 21,000 miles of travel at 100 miles per day in computing the figure. They also claimed $69 as a business expense, which was the basic charge on their home telephone. The phone was utilized, in part, for calls from James' employer to tell him of a new duty station for the next working day, but petitioners put the phone to personal *205 use, and would have had it even if James had not been an officer. Respondent disallowed both of the above expenses in his statutory notice of deficiency. Opinion Petitioner used his car to travel and carry his equipment to work. He argues that the equipment was too bulky and heavy to be readily carried by him on public transportation and that he needed the car in case he had to transfer during the day from station to station. Respondent argues that the expenses of travel to and from work, and between duty stations, were all personal and within the purview of section 262 [2] rather than section 162(a). [3]
It has been well established that commuting expenses are nondeductible, personal expenses. Section 1.262-1(b) (5), Income Tax Regs.; Commissioner v. Flowers, 326 U.S. 465 (1946). *206 A limited exception to this rule has been established in cases where it is necessary for a taxpayer to use his car to transport heavy tools and equipment. See Tyne v. Commissioner, 385 F. 2d 40 (C.A. 7, 1967), reversing and remanding a Memorandum Opinion of this Court; Sullivan v. Commissioner, 368 F. 2d 1007 (C.A. 2, 1966), reversing and remanding 45 T.C. 217 (1965). We, however, do not reach the question in those cases, since the facts in the instant case do not fall within their purview. Petitioner had to carry his equipment with him, since he chose not to wear it and there was no overnight storage space. However, most of the equipment items which he named are those which normally are worn by policemen. The rain gear which he had to have could be carried. 696 While it would be inconvenient for him to travel with the equipment on public transportation, it was far from impossible, and public transportation was available for all the trips which petitioners claim. We do not think that James' trips to and from home can be viewed as other than commuting. His choice to drive the car was personal in nature and does not fall within the ambit *207 of the factual situation in Tyne and Sullivan, supra. As for petitioners' contention that the car was needed in case of a change of duty stations during the day, James' employer did not require him to have it available, public transportation was available and free, and use of the car for this purpose was wholly a matter of personal convenience. Accordingly, we hold for the respondent on this issue. [4]
Petitioners' claimed deduction for telephone expenses is also denied. James admitted at trial that the phone was used for personal calls and that it would have been maintained in his home whether or not it had also been utilized to call his employer and for his employer to call him. Petitioners had the burden to prove that this expense was not personal. They have done no more than show that its business use was merely incidental to its personal use. Accordingly, we hold for respondent on this issue. Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 unless otherwise stated.↩
2. SEC. 262. PERSONAL, LIVING, AND FAMILY EXPENSES. Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses. ↩
3. SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General. - There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business * * *↩
4. An identical factual situation involving a police officer with the Authority was resolved against the taxpayer on the same grounds in Daniel Fiore, 27 T.C.M. 519↩ (1968).