**Frank W. COKER and Regina Coker, Petitioners-Appellants and Cross-Appellees,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee and Cross-Appellant.**

**Nos. 634, 825, Dockets 72–2309, 73–1011.**

United States Court of Appeals, Second Circuit.

Argued April 16, 1973.

Decided May 14, 1973.

Thomas J. Carley, Rockville Centre, N. Y., for petitioners-appellants and cross-appellees.

Scott P. Crampton, Asst. Atty. Gen., Meyer Rothwacks, Thomas L. Stapleton, David English Carmack, Attys. Tax Div., Dept. of Justice, Washington, D. C., for respondent-appellee and cross-appellant.

Before CLARK, Associate Justice,* and WATERMAN and FEINBERG, Circuit Judges.

PER CURIAM.

This case involves a claimed deficiency in Mr. and Mrs. Frank Coker's joint federal income tax for the calendar year 1966 occasioned by their deduction of Mr. Coker's commuting expenses to and from his job site. Appellant Coker (husband) was a carpenter shop steward who performed carpentry work on the job site as time permitted. His duties necessitated the ready availability of his carpenter tools, and he therefore always carried an assortment of tools weighing some 200 lbs. with him in the 1964 Oldsmobile he used for commuting.

---

* Associate Justice of the United States Supreme Court (Retired), sitting by designation.

In addition to the commuting to and from work, appellant also travelled some sixty miles a day in performing his duties on the job sites to which he was assigned; this expense was allowed as a deduction and is not involved here.

The Commission disallowed in its entirety appellant's claimed deduction for the expense of commuting to and from work. The Tax Court, considering itself bound by Sullivan v. Commissioner, 368 F.2d 1007 (2 Cir. 1966), allowed appellant to deduct what it considered a reasonable percentage of this commuting expense allocable to the transportation of his tools. Both the Cokers and the Commissioner appealed, the former insisting that all Mr. Coker's commuting expenses should have been allowed as deductions, while the Commissioner urges this Court to overrule *Sullivan, supra,* and deny the Cokers any deduction. We reject both arguments and therefore affirm.

Since the enactment of the Income Tax Act of 1913, commuting expenses have been considered non-deductible personal expenses. Commissioner v. Flowers, 326 U.S. 465, 469, 66 S.Ct. 250, 90 L.Ed. 203 (1946). In fact this rule has clearly been accepted by Congress. See H. Rep.No.1337, 83d Cong., 2d Sess., p. A19 (3 U.S.C.Cong. & Adm.News (1954) pp. 4017, 4156); S.Rep.No.1622, 83d Cong., 2d Sess. p. 169 (3 U.S.C.Cong. & Adm. News (1954) pp. 4621, 4803–4804). Coker seeks to escape this Congressional rule by claiming that his expenses were necessarily incurred in his effort to earn a living. But the same can be said of every taxpayer's expense in going to and from work. Furthermore, expenditures for food, clothing, and shelter are also necessary to enable one to earn a living. The fact is that Congress has directed that such expenses not be deductible. Appellant's argument that allowance of the deduction he claims is compelled by the Sixteenth Amendment does not merit discussion.

Nor are we persuaded by the Commissioner's argument that the primary purpose test should be applied. Taxpayer is entitled to some allowance for transporting the 200 lb. of tools under the peculiar circumstances here. Sullivan v. Commissioner, *supra. Sullivan* has been followed in this Circuit for some seven years. Any change in the rule should come from the Congress or the Supreme Court.

Affirmed.